James W. Murphy, an Infant, etc., Respondent, *v.* John C. Orr and others, Appellants.

One driving horses along the streets of a city is bound to anticipate that passengers on foot may be at the crossings, and to take reasonable care not to injure them; if he fails to look out for them, or when he sees, does not, so far as in his power, avoid them, he is chargeable with negligence.

Plaintiff, an infant about three years old, while crossing a street on a crosswalk was knocked down by one of the horses of a team owned by defendants and driven by their servant and was run over by the wagon; the driver went on without stopping until stopped by an officer who went in pursuit of him. The day was clear, the streets unobstructed, the horses moving at a walk, and from the driver's seat he could, had he looked, have seen the child in time to avoid him. In an action to recover damages for the injury, the driver testified that he did not see plaintiff and

did not know of the accident until stopped by the officer. *Held*, that the facts justified the submission to the jury of the question as to the driver's negligence.

(Argued April 17, 1884 ; decided April 29, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order * which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been caused by defendants' negligence.

Plaintiff, an infant between three and four years old, while crossing Twenty-fourth street in the city of New York on the crosswalk at the intersection of that street with First avenue, was, according to plaintiff's evidence, knocked down by one of the horses of a team attached to a truck and run over by a wheel of the truck, the team belonging to defendants, and was driven by a driver in their employ.

The circumstances attending the accident are, so far as material, stated in the opinion.

*Winchester Britton* for appellants. In this case negligence must be affirmatively proven. It is not sufficient to show a state of facts equally consistent with negligence or with freedom therefrom. (*Claflin* v. *Meyer*, 75 N. Y. 260; *Tormey* v. *R. R. Co.*, 3 C. B. [N. S.] 146; *Cordell* v. *N. Y. C. R. R. Co.*, 75 N. Y. 330; *Comman* v. *R. R. Co.*, 4 H. & N. 781; *Riceman* v. *Havemeyer*, 84 N. Y. 647; *Colton* v. *Wood*, 8 C. B. [N. S.] 568; 13 C. B. 916; 75 N. Y. 266.) Here no negligence could be inferred upon the facts. (*Etherington* v. *R. R. Co.*, 88 N. Y. 642, 643; 3 Am. & Eng. R. R. Cases, 356.)

*Clifford A. H. Bartlett* for respondent. The plaintiff, when he was injured, was in a place where he had a right to be. (*G. St. R. R.* v. *Hanlon*, 53 Ala. 81; *McGarry* v. *Loomis*, 63 N. Y. 107.) There was no evidence of any contributory

---

* The case does not show when the order of affirmance was made.

negligence on the part of the child or his parents. (*Mangam* v. *B. R. R. Co.*, 38 N. Y. 457, 458, 459; *Fallon* v. *C. P.*, *etc.*, *R. R.*, 34 id. 16; *Kay* v. *P. R. R. Co.*, 65 Penn. St. 269; *Chicago* v. *Mayor*, 18 Ill. 360; *Robinson* v. *Cone*, 22 Vt. 213.) The evidence warrants the assumption that the defendants' servant, who was driving their truck, saw the plaintiff before he ran over him. (*Jones* v. *N. C. R. R.*, 70 N. C. 627.) Even if the driver failed to see the plaintiff beforehand, as he plainly would have done by proper exercise of his faculties, the circumstances of the case, as brought out in the proof, indicated the grossest carelessness on his part. (*Hatfield* v. *Roper*, 21 Wend. 617; *Leame* v. *Bray*, 3 East, 597; *Bahrenburgh* v. *Brooklyn*, etc., *R. R.*, 56 N. Y. 653; *Thurber* v. *H. R. R. Co.*, 60 id. 329, 330; *Barker* v. *Savage*, 45 id. 194; *Cheney* v. *N. Y. C. R. R.*, 16 Hun, 422; *Mangam* v. *B. R. R. Co.*, 38 N. Y. 456.) Even if the negligence of the defendants' servant was much less clear than it seems, it was nevertheless proper to submit the case to the jury. (*Thurber* v. *H.*, etc., *Co.*, 60 N. Y. 326; *Payne* v. *T. & B. R. R. Co.*, 83 id. 514; *Quirk* v. *Holt*, 99 Mass. 164.)

DANFORTH, J. Whoever drives horses along the streets of a city is bound to anticipate that travelers on foot may be at the crossing, and must take reasonable care not to injure them. He is negligent whenever he fails to look out for them, or when he sees, and does not so far as is in his power avoid them. There was evidence in this case fairly leading to either of these conclusions in regard to the driver's conduct. The day was clear and bright, the street was unobstructed, the horses, quietly moving on a walk, were completely under his control, and from his elevated seat he could, as is conceded, ·" see a block away," and " all around, in front and on both sides." Nevertheless, as the evidence tended to show, the plaintiff, then between three and four years of age, while on the crosswalk and passing over, was knocked down by one of the horses, run over by the fore wheel of the wagon, and seriously injured. He went upon this crosswalk from the south-east corner of

Twenty-fourth-street and First avenue, and the whole transaction was witnessed by a person standing on the opposite or south-west corner of the streets.   He hastened to the assistance of the child, and at the same moment called aloud to the driver, but he paid no attention to the cry, and drove on, until stopped by an officer who had heard the call of the witness and followed the team up Twenty-fourth street.   The evidence is sufficient to show that if the driver had looked he would have seen the child in season to have avoided him.   His own testimony is that he neither saw the child, nor heard the call of the by-stander, nor knew of the accident until he was stopped by the officer.   His conduct was sufficient to justify the conclusion of the jury that he failed in both particulars, because he was unobservant, and the learned trial judge committed no error in charging them to say whether, under all the circumstances surrounding the transaction, he was negligent in not discovering the child in time to prevent the injury. (*Barker* v. *Savage*, 45 N. Y. 194.)

A witness named C., called by the defendants, gave evidence to show that the child approached the wagon at its side and was run over by the hind wheel.   If true, the testimony only raised a conflict upon which the jury might hesitate, but the force even of this was much impaired by the evidence of two witnesses, that shortly after the accident, and on the same day, C. declared to them that, when it happened, he was in his shop, and neither saw the occurrence nor knew of it until he heard the cry "that there was a child run over, and when he went to the door it was all over."   It was for the jury to weigh the evidence and determine the degree of credit to which each witness was entitled.

The learned counsel for the appellant attributes to the plaintiff no want of care, nor does he deny that the defendants are responsible for the conduct of the driver.

The judgment appealed from is, therefore, right and should be affirmed.

All concur.

Judgment affirmed.