HENRY M. BIRKETT, AS ADMINISTRATOR, ETC., OF JENNIE WOODHULL BIRKETT, DECEASED, RESPONDENT, *v.* THE KNICKERBOCKER ICE COMPANY, APPELLANT.

*Negligence—duty of a driver approaching a cross-walk in a city street—when it is not negligence, as a matter of law, for a mother to allow a four year old child to play on the sidewalk — measure of damages in an action to recover for the negligent killing of an infant.*

Upon the trial of this action brought to recover damages for the death of a child four years of age, who was fatally injured by horses drawing an ice cart of the

defendant, it appeared that the child was crossing one of the streets in the city of Brooklyn at a cross-walk; that upon being called to by other children who noticed the approach of the wagon, she hesitated, apparently bewildered, and was struck down by the horses.

*Held,* that the driver was bound to anticipate that pedestrians might be at the crossing and to take reasonable care not to injure them, and that the question of the defendant's negligence was properly left to the jury.

The mother allowed the child to go out to play on the sidewalk on an August afternoon, in company with her brother, a child of some six years. Some half hour afterwards, while attempting to cross the street alone, the child was injured.

*Held,* that it could not be said, as a matter of law, that the mother was negligent in letting the child thus go in the street.

*Hartfield* v. *Roper* (21 Wend., 615) distinguished.

The court refused to charge the jury that the damages should be restricted to the loss of services during the minority of the child.

*Held,* no error; that the action was not for the loss of the child's services, but was based on the statute, and that the measure of damages would be the whole pecuniary loss occasioned by her death.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Kings County Circuit.

*Albert Stickney,* for the appellant.

*James Troy,* for the respondent.

CULLEN, J.:

This is an action for the death of a child, four years of age, who was fatally injured by the horses drawing an ice cart of defendant. The child was crossing the street at a cross-walk, and upon being called to by other children, who noticed the approach of the ice wagon, hesitated, apparently bewildered, and was struck down by the horses drawing the wagon. The question of the negligence of the driver was certainly properly submitted to the jury. The driver was bound to anticipate that pedestrians might be at the crossing, and to take reasonable care not to injure them. (*Murphy* v. *Orr,* 96 N. Y., 14.) The evidence of plaintiff's witnesses, if believed, tended to show the presence of the child at the crossing when the ice wagon was at a sufficient distance for the driver to have observed her and avoided striking her.

The most serious question is the contributory negligence of the deceased. Being *non sui juris,* she could not be charged with

personal negligence, though the negligence of the parents, in suffering her to be in a place of danger, would be imputed to her. To have such negligence defeat the action, the child itself must be guilty of what would be negligence in an older person. Both these elements must exist, and so the trial judge correctly charged. (*McGarry* v. *Loomis*, 63 N. Y., 107.) The exception to the charge, in this respect, was, therefore, not well taken. But a motion was made to dismiss the complaint at the close of the plaintiff's case, and it is necessary to examine the evidence in these respects, to see if it was plain that, as a matter of law, negligence on the part of both parent and child existed.

The accident happened on an August afternoon. The mother let the child go out to play on the sidewalk in company with her brother, a child of some six years. Some half hour afterwards, while attempting to cross the street alone, the child was injured. We think it cannot be said, as a matter of law, that the mother was negligent in letting the child thus go out in the street. Though the child was assumed on both sides to be *non sui juris*, still at four and a half years it had some little intelligence; an intelligence which, though slight, is enough to save the great mass of city children of her age, whose sole place for air and recreation is the sidewalk, from peril or injury.

The deceased was not allowed to go unattended; the brother, six years old, was sent with her. The child had not remained out so long that care on the mother's part would necessarily have warned her that the child was alone.

The case of *Hartfield* v. *Roper* (21 Wend., 615) differs much from this. There the child was but two years old, sitting in the traveled part of a country highway. To leave a child of that age alone was plainly folly or worse. As said by the court, the driver had no reason to anticipate such a situation. But in a populous city, one driving a vehicle must always be on the alert to discover foot passengers, and especially to look out for children. The case is a close one, but on the whole, we think, the question was properly left to the jury as a question of fact, and that the motion for a nonsuit was rightly denied.

It was not error for the court to refuse to charge the jury that the damages should be restricted to loss of service during minority.

This action is not for loss of services. Such an action could not be maintained where death ensued. This action is based on the statute. If the deceased had been of full age, so that the plaintiff had no right to her service, this action would lie, and the measure of damage would be the whole pecuniary loss occasioned by her death. That the deceased was an infant does not change the measure of damages.

The judgment and order denying a new trial should be affirmed, with costs.

Present — BARNARD, P. J., and DYKMAN, J.

Judgment affirmed, with costs.