Clement, J.
There was evidence in this case sufficient to justify the submission to the jury of the question whether the wagon of the defendant ran over the plaintiff. Eliza Durant, the mother, says, the boy between half-past two and half-past three in the afternoon of September 21, came in from the street to the house where they lived, suffering from injuries.
Kate Jones who lived on the opposite side of the street, testified that on the afternoon of that day she saw a brewery wagon pass along the street, and that the plaintiff was knocked down by the horse and run over ; that the boy got up and ran to the gate of the house where he lived. It was therefore proven that the plaintiff was run overby a brewery wagon in the street and that he suffered injuries.
William Stevens, driver of a street car, said that the on 21st of September, at ten minutes past three o’clock in the afternoon, while driving through the block where the plaintiff was injured, he saw a boy in the street, getting up from behind a brewery wagon, and that the boy ran into the gate where the plaintiff lived.
Henry A. Brown, the conductor of the car, testified that he saw a brewery wagon ahead of the car and that he took the name and letter on the same. The testimony of Brown and Stevens taken *842 together, shows that a brewery truck owned by the defendant passed the point where, and about the time, the plaintiff was injured, and that a boy was seen by them in the roadway, getting-up immediately in the rear of the truck, who ran into the yard where the parents of the plaintiff lived.
It is a fair inference for a jury to draw, that the boy who was seen by Brown and Stevens was the plaintiff. On such testimony, it would not have been proper to have dismissed the complaint.
The verdict of the jury is therefore conclusive on this question. Assuming that the truck which ran over the plaintiff was the one described by the witness Brown, the question of the negligence of the driver was properly submitted to the jury.
The facts are substantially the same as in the case of Murphy v. Orr, 96 N. Y., 14, except that in that case the plaintiff was on a cross-walk. If the driver failed to see the child or knew that he was run over, he was clearly inattentive to his duties, as there was nothing in the street to obstruct the view. The driver of a vehicle in a street is bound to use ordinary care to avoid running over foot-travelers whether they are or are not on the cross-walk.
The question of contributory negligence of the parents of the plaintiff was also properly submitted to the jury.
We think that the exception at folios 184-186, was not well taken, as the motion was made too late and the.same matter had been gone into by the counsel for the defendant.
While the testimony had no bearing on the liability of the defendant and should have been excluded if objected to on the direct examination, yet the defendant had the right to bring out the testimony to test the witness and ascertain why he took the name on the truck.
The judgment and order denying new trial must be affirmed with costs.
REYNOLDS, J., concurs.