MORONEY v. BROOKLYN CITY R. CO.

(City Court of Brooklyn, General Term.   April 28, 1890.)

HORSE AND STREET RAILROADS—COLLISIONS—INSTRUCTIONS.

In an action for personal injuries sustained by plaintiff in a collision between his truck and defendant's horse-car, the court refused defendant's request to instruct that, if the driver of the car was exercising reasonable care, and did what a reasonably prudent man would have done under similar circumstances, defendant was not liable, on the ground that it had already charged that it was the driver's duty to keep entire control of his team, "as far as practicable," and "to be in a position to speedily apply the brake, so as to enable him, as far as practicable, to avoid injury to others." *Held*, that the refusal was prejudicial error, as the jurors could not understand from the charge whether the driver was bound to exercise reasonable care under the circumstances, or the highest degree of care.

Appeal from trial term.

Action by John Moroney against the Brooklyn City Railroad Company. There was a judgment for plaintiff, and defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Morris & Whitehouse,* for appellant.   *Thomas E. Pearsall,* for respondent.

CLEMENT, C. J.   The plaintiff was driving a lumber truck on Fulton street, in this city, on the track of the horse railroad, and was turning out from the track, when a car of the defendant's line struck the rear of his truck with such force as to throw him upon the ground, whereby he sustained injuries.   The plaintiff obtained a verdict at the trial term for $1,000, and from the judgment entered thereon the defendant appeals.   The counsel for the defendant requested the court to charge "that if defendant's driver was exercising reasonable care, and, in the management of his car, did what a reasonably prudent man would have done under similar circumstances, the defendant is not liable."   The court declined to charge in that respect any different from what had already been charged, as to the measure of duty of the driver.   In the charge we find as follows: "I charge you it was his duty, while he was driving that car, to keep entire control of his team, as far as practicable, to be in a position to speedily apply the brake, and to be vigilant in observing the track, so as to enable him, as far as practicable, to avoid injury to others."   The learned judge charged the jury the same words as were used by Judge GROVER in the *Mangam Case,* 38 N. Y. 455, 456; but there the plaintiff was an infant between three and four years of age, and, while it may not have been error to use the words "as far as practicable" in the case before us, yet we think that the request of the counsel for the defendant should have been charged, (*Murphy* v. *Orr,* 96 N. Y. 14,) for the jurors could not understand, from the charge, whether the driver of the car was bound to exercise reasonable care under the circumstances, or the highest degree of care.   In view of our conclusion on this point, we are not called upon to decide the other questions in the case.   Judgment and order denying new trial reversed, and a new trial granted, costs to abide the event.