CATHARINE SCOTT, AS ADMINISTRATRIX, ETC., OF FRANK SCOTT, DECEASED, RESPONDENT, *v.* THE THIRD AVENUE RAILROAD COMPANY, APPELLANT.

*Corporations — negligence, not wanton nor willful — plaintiff must be free from contributory negligence — right of the jury to consider that objections were made and evidence excluded.*

In an action against a corporation to recover the damages resulting from its alleged negligence, where the circumstances of the accident were such as seemed to indicate contributory negligence upon the part of the deceased, the court charged the jury that "there may be mutual negligence and yet one party have a right of action against the other;" and, also, that "the plaintiff may recover, notwithstanding his own negligence exposed him to the risk of the injury, if the defendant, after becoming aware of the plaintiff's danger, failed to use ordinary care to avoid injuring him."

*Held,* that both propositions were erroneous.

That in cases of ordinary negligence, not wanton nor willful, the plaintiff must be free from contributory negligence in order to recover.

That the error, resulting from this portion of the charge, was not cured by the charge of the court, made at defendant's request, "that if the negligence of

the dead man in any manner contributed to the cause, the collision which resulted in the injury, the verdict must be for the defendant."

The defendant requested the court to charge, that the jury were not to draw any deductions against either party from objections made and evidence excluded, which the court refused to charge.

*Held,* error; as the refusal to charge to this effect affirmed the converse of the proposition, *i. e.,* that the jury could draw deductions against either party upon such grounds.

APPEAL by the defendant from a judgment, entered in the clerk's office of the county of New York on the 2d day of January, 1890, in favor of plaintiff and against defendant; and also from an order, entered in said office on the 24th day of December, 1889, denying defendant's motion for a new trial, after a trial at the New York Circuit before the court and a jury.

The plaintiff's intestate received injuries while crossing One Hundred and Twenty-fifth street, in the city of New York, upon which street defendant maintained a cable road, from the effects of which injuries the plaintiff's intestate died.

*William N. Cohen,* for the appellant.

*George W. Wilson,* for the respondent.

BRADY, J.:

This action was brought by the plaintiff to recover damages for the loss of her husband, who, it was alleged, was killed by the negligence of the defendant. During the trial several exceptions were taken by the defendant and several also by the plaintiff, and several also to the charge, refusals to charge as requested by the defendant and to requests to charge by the plaintiff, which were granted. In the view taken of some exceptions it will not be necessary to consider the others. It was charged as follows:

"There may be mutual negligence, and yet one party have a right of action against the other;" and also "the plaintiff may recover, notwithstanding his own negligence exposed him to the risk of the injury, if the defendant, after becoming aware of the plaintiff's danger, failed to use ordinary care to avoid injuring him."

For the accuracy of the first request excepted to, the learned counsel for the plaintiff relies chiefly upon the cases of *Thomas* v.

*Kenyon* (1 Daly, 142); *Thurber* v. *Harlem Bridge, Morrisania and Fordham Railroad Company* (60 N. Y., 326); *Murphy* v. *Orr* (96 id., 14); *Seybolt* v. *New York, Lake Erie and Western Railroad Company* (95 id., 562) and *Moebus* v. *Herrmann* (108 id., 349).

In *Thurber* v. *Harlem Bridge, Morrisania and Fordham Railroad Company*, the plaintiff was a boy about nine years old. He was knocked down by one of the horses attached to the defendant's railway cars and run over while in the act of crossing the Boston road in the town of Morrisania, a part of which is occupied by their railway. The accident occurred in midday and the plaintiff was in plain view of passengers and the person who was acting as driver. All the witnesses agreed that the car might have been stopped while running over the space of a few feet, and a very slight check on the speed at which it was running, would have prevented the collision and consequent injury. The omission of the driver to check the progress of the car was said to be culpable negligence, for which the defendant must respond, "unless," said the court, "it appear from the whole case. that the injury is not attributable to that cause." The question of contributory negligence was considered, nevertheless, and regarded as a controlling element. This is not, therefore, an authority for the proposition that the plaintiff may recover if the defendant, after becoming aware of the plaintiff's danger, failed to use ordinary care to avert it. It was a case of culpable negligence, gross negligence, displaying a reckless disregard of the obligations or duty, an indifference, cruel and wanton, of the safety of life and limb upon a public highway. It is correctly asserted even in this State, where the doctrine of negligence is limited as contrasted with other States, that defendants may be held responsible for injuries, received on the highway, resulting from their gross negligence, amounting to willful indifference or disregard of the protective duties which they may owe to the public; but that rule is not applicable to this case, assuming it to exist in this State, inasmuch as the defendant's conduct does not present the elements which must be present.

When these are the features of the defendant's conduct, the plaintiff's contributory negligence cannot be invoked by it for protection. As justly said in Beach on Contributory Negligence (§ 22, p. 69), "When the wrong-doing of the defendant is merely negligence, the contributory negligence of the plaintiff may, as is

well. understood, operate as a defense, but when the defendant's. conduct is willful, it is no longer negligence, ahd when the injury sustained by the plaintiff is the result of the wanton and willful act of the defendant, the question of the plaintiff's contributory negligence as a defense cannot arise." But to pursue these cases : In *Murphy* v. *Orr* the plaintiff was an infant between three and four years of age, and the appellant attributed no want of care to the plaintiff. The question was as to the sufficiency of the proof of the negligence of the driver of the horses attached to a truck, which proof was considered abundant. In *Seybolt* v. *New York, Lake Erie and Western Railroad Company* there was no question involving in any way the contributory negligence of the decedent, who, at the time he was killed on the defendant's road, was there as a postal clerk. In *Moebus* v. *Herrmann* (108 N. Y., 349) the person injured was a lad of seven years, and the jury found that the child was not careless, but the defendant's driver was negligent, and this finding was made after the propositions, on which the case was made to turn, were formulated with due regard for the defendant. The doctrine of contributory negligence was carefully observed and presented. The liability of the defendant, as asserted in the charge under consideration, was not declared in that case, or the principle advocated, although it was said that the driver either saw the child and recklessly drove over him, or failed to see him because of inattention ; that is, he was looking another way and conversing with a fellow-servant, a fact approaching and suggesting the doctrine of gross or willful negligence. The case of *Thomas* v. *Kenyon* was brought to recover damages, caused by the negligence of the defendant, in permitting water to run from his premises upon those of the plaintiff. In that case it is said, that there may be mutual negligence and yet one party have a right of action against. the other. This is the formula adopted by the plaintiff's counsel herein, taken from that case and employed as we have seen. The illustration of this proposition shows how inappropriately it was invoked herein. It is, " If a man negligently lie down and fall asleep in the middle of the public road, and another failing to exercise ordinary care should drive over him, the party injured would have a right of action against the other," and the cases cited to sustain it are *Kerwhacker* v. *Cleveland C. and C. R. R. Co.*

(3 Ohio [N. S.], 172); *Trow* v. *Vermont Central R. R. Co.* (24 Vt., 494); *Davies* v. *Mann* (10 Mees. & Welsby, 546) and *Butterfield* v. *Forrester* (11 East, 60).

In *Trow* v. *Vermont Central R. R. Co.*, *Kerwhacker* v. *C. C. and C. R. R. Co.* and *Davies* v. *Mann*, the doctrine declared is, that the plaintiff may recover if he has used ordinary care to avoid the injury sustained, but this is only another method of stating the proposition that he may recover if he be free from contributory negligence. If he could avoid the injury by the exercise of ordinary care, he should do so, and the omission of that duty would undoubtedly show negligence. How far these authorities sustain the bald proposition, laid down in the case of *Thomas* v. *Kenyon*, may be easily understood.

This case illustrates the danger of employing detached sentences taken from opinions and urging them upon the attention of the trial court, evidently without sufficient consideration of their bearing upon and relation to the case in hand, and which, at first blush, seem to be applicable, because expressive of an instinct of natural justice, but which have only a special significance, and that wholly dependent on facts upon which they must rest. There is no adjudication in this State, in a case kindred to this, which declares the proposition, that there may be mutual negligence and yet one party have a right of action against the other. See, on this subject, *Wilds* v. *Hudson River Railroad Company* (24 N. Y., 430); *Cordell* v. *New York Central Railroad Company* (75 id., 330). If the proposition had been that a recovery might be had, although there was mutual negligence, provided the defendant's conduct was wanton and willful, as contradistinguished from ordinary negligence, it might be sustained by authority, to be inferred from adjudications of the court of last resort in this State, but not otherwise; inasmuch as the authorities are superabundant, declaring that the person injured must be shown to have been free from contributory negligence. The appellant, as we have thus seen, has two points, therefore, favorable to a reversal of the judgment, namely, the charge that the plaintiff may recover, notwithstanding his own negligence exposed him to the risk of injury, if the defendant, after becoming aware of his danger, failed to use ordinary care to avoid injuring him, and the further unqualified charge, that there

may be mutual negligence and yet one party have a right of action against the other. It is supposed that the charge that "if the negligence of the dead man in any manner contributed to the cause, the collision which resulted in the injury, the verdict must be for the defendant," overcame the errors mentioned, but this is incorrect. The charges considered were pointed, specific, and were so broad that, standing upon the record unrecalled, they were fraught with danger to the defendant's right.

It must be further said that the defendant was entitled to the charge refused, namely, that the jury were not to draw any deductions against either party from objections made and evidence excluded, a request made, doubtless, to protect it from the prejudicial impression that might be created by a close contest and ingenious effort and device, resorted to by their counsel unsuccessfully. It is secondary in importance, but, the refusal to charge it affirmed the converse of the proposition, namely, that the jury could *draw* deductions against either party from objections made and evidence excluded. The evidence on the part of the plaintiff was such as to require careful consideration of the question of negligence on both sides of the controversy, and the issue should have been left unembarrassed by any element, which would permit erroneous conclusions to be indulged in prejudicial to the defendant. The struggle by it, through its counsel, to avoid responsibility was marked and impressive, from the numerous objections and exceptions taken.

Judgment reversed and new a trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.