(4 Misc. Rep. 291.)

### MASON v. ATLANTIC AVE. R. CO.

(City Court of Brooklyn, General Term. June 27, 1893.)

NEGLIGENCE—EVIDENCE—SUBMISSION TO JURY.

> In an action against a street-railroad company for causing the death of a boy six years old, it appeared that at the time the boy was struck by the car which caused his death the driver was not looking ahead, but was engaged in conversation with a passenger, and he did not know that he had run over any one until the conductor of the car pointed to the body of the boy lying on the track. There was no obstruction of the view of the track at the time of the accident. *Held,* that the evidence of negligence on the part of the driver was sufficient to justify the submission of that question to the jury.

Appeal from trial term.

Action by Edward H. W. Mason, as administrator of Walter W. Mason, deceased, against the Atlantic Avenue Railroad Company, to recover damages for negligence of defendant, causing the death of plaintiff's intestate. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Wm. S. Cogswell, for appellant.

Dailey, Bell & Crane, for respondent.

OSBORNE, J. Plaintiff brought this action, as administrator. etc., to recover damages against the defendant for negligently causing the death of his son. Plaintiff obtained a verdict in his favor, and from the judgment entered thereon, and an order denying a motion for a new trial, defendant appeals.

The learned counsel for the appellant bases his appeal on two grounds: Firstly, that his motion to dismiss the complaint at the close of respondent's case should have been granted, for the reason that no negligence was shown on the part of the defendant, and that contributory negligence was shown on the part of decedent; and, secondly, that the verdict was against the weight of evidence. The evidence adduced on behalf of the plaintiff showed that decedent was a child six years of age, about four feet in height, and possessed of the ordinary intelligence of his years. He had been in the habit of going on errands for his mother to the grocery store almost daily for a period of six months prior to the date of the acci-

dent. He resided on Pacific street, near Flatbush avenue. On the afternoon of September 3, 1892, deceased was sent by his mother on an errand to the grocery store on the further side of Flatbush avenue from his residence. He started to cross Flatbush avenue from the west curb, and when about 12 or 15 feet from the curb, and at the first or westerly track, he stooped to pick up something, then proceeded across the avenue, and was struck by the horses of one of defendant's open cars proceeding northwardly on the easterly or down track. It further appeared that at and just before the accident the car was going at a very fast rate. The driver was not looking ahead of him, but was engaged in conversation with a passenger on the front seat, and had his head turned to one side. That he did not see the boy, or even know that he had run over him, till the conductor whistled for the driver to stop, and when the latter looked around to the conductor, the conductor pointed back to the body of the boy, then lying on the track to the rear of the car. The car went about 75 feet from where the boy was lying before it stopped. It was also testified that there was no obstruction to prevent the driver from seeing the boy if the driver had been looking ahead, and attending to his duties. We think that this evidence clearly made out a case of negligence on the part of the driver. It certainly established a state of facts which made it proper to submit to a jury the question of the driver's negligence. Whether the decedent was or was not sui juris, and whether he exercised that degree of care which might reasonably have been expected of him, were questions for the jury to determine. Stone v. Railroad Co., 115 N. Y. 104, 21 N. E. Rep. 712. The law on this subject was carefully laid down by the learned trial judge to the jury, in a charge to which no exception was taken, and the rights of the defendant in this respect were thereby secured to it. We have carefully gone over all the evidence in this case, and we cannot say that the verdict was against the weight of evidence, or that it was the result of passion, bias, or prejudice. There undoubtedly was a sharp conflict between the witnesses on both sides as to some material points in the case, but there was no such preponderance in favor of the defendant as would justify us in setting aside the verdict. The judgment and order appealed from should be affirmed, with costs.