(8 Misc. Rep. 601.)

### KEENAN v. BROOKLYN CITY R. CO.

(City Court of Brooklyn, General Term.    May 28, 1894.)

STREET RAILROADS—INJURY TO CHILD ON TRACK.
> Where plaintiff's intestate, a child six years old, was run over and killed by defendant's electric car while crossing the tracks, and there is evidence that the view of the track was not obstructed for a considerable distance, but that the motorman was not looking ahead, and did not see the child until the car struck him, the questions of negligence and contributory negligence are for the jury.

Appeal from trial term.

Action by Richard Keenan, as administrator of James Keenan, deceased, against the Brooklyn City Railroad Company.    There was a judgment in favor of plaintiff, and defendant appeals.    Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Morris & Whitehouse, for appellant.
Tredwell & Catlin, for respondent.

VAN WYCK, J.    This action was brought by plaintiff, as administrator, to recover damages sustained by the next of kin of James Keenan, who was killed by being run over by one of defendant's electric cars.    The verdict for plaintiff was $5,000; and from the judgment entered thereupon, and the order denying motion for new trial, on the minutes, this appeal is taken.

There is evidence which the jury was justified in believing, and from which it can be fairly inferred, that about 4 o'clock p. m. on May 12, 1893, James Keenan, a boy under six years of age, living on the northeast corner of Eighteenth street and Third avenue, received permission from his mother to go down by the door of the house he lived in; that he, childlike, crossed over to the west side of Third avenue, to a candy store between Eighteenth and Nineteenth streets; that after getting his candy, when he stepped from the sidewalk, about 65 feet from Nineteenth street, to recross the avenue, the car had not quite reached the corner of Nineteenth street; that, from that time to the time of the collision, there was nothing to obstruct the motorman's view of the boy; that the car was running at the rate of 8 miles per hour; that, as the boy reached a point between the west and east tracks, which are only 5 feet apart, he started to run, at which instant the car, continuing at the same speed, had reached a point at least 15 feet distant from the boy; that the motorman was not looking ahead, or paying any attention to his duties, but had his head hanging over the dashboard, and did not see this child thus approaching his track, but continued his speed until his car knocked the boy down, and ran over him, as he was nearly over the east rail of his track, dragging him thereafter some 30 feet; that the motorman did not realize the presence or existence of the boy till some one, when the car was about 8 or 9 feet from the child, holloed; that the motorman then looked up, and saw the boy against the dashboard of the car, and holloed also, but did not put on his brake until the boy "was away in underneath the car," which was dragging him along; and that a car going at the rate of 8 miles an hour can be stopped in about 7 or 8 feet. It was properly left to the jury to say if this child, under the age of six years, lost his life through the negligence of the motorman; taking into consideration upon that question, whether he, in the exercise of ordinary care, should have sooner seen such child so approaching his track in the front, and have apprehended and avoided the threatened danger to the young one; whether, if he had seen him sooner, what might have been proper care in his conduct toward an adult was such towards a child either non sui juris, or of limited experience and capacity to judge of the dangers surrounding him; whether the motorman would have been justified, according to the duty imposed by care, in assuming that the conduct of such child, in so approaching his track, would be the same as that of an adult in the same position; and whether reasonable care would dictate a different exercise of judgment in the one case and in the other. Whether the child was sui juris, and, if so, whether he was negligent, were properly submitted in an unexceptionable charge, and the same can be said with regard to the negligence of the parent. The rule of damage was correctly explained, and we see no reason to disturb the verdict on any of the questions passed upon by the jury. The judgment and order must be affirmed, with costs.