in a single act all existing special and local laws affecting * * * the city of Brooklyn,"—was an expressed declaration of the legislative intent that it was not a general law. The law of 1887, re-enacted in section 5 of the charter of 1888, was intended to be a complete provision on the subject, so far as Brooklyn was concerned, till further legislative action. It is well settled that, in a conflict between the provisions of a general law and those of a special and local law, the nullification by the former of the latter, so far as the special location is concerned, is not favored, and will not be implied without the legislative intent so to do is apparent and clear. McKenna v. Edmundstone, 91 N. Y. 231; Whipple v. Christian, 80 N. Y. 523; Van Denburgh v. Greenbush, 66 N. Y. 1; People v. Quigg, 59 N. Y. 88; End. Interp. St. §§ 223, 228.

Our conclusion that the compensation of the patrolmen is still regulated by the revised charter renders it unnecessary to consider the contention of the respondent that the words "according to the last census" in the law of 1884 (chapter 182) limited its application to cities having such population according to the census of 1880. The judgment must be affirmed, with costs.

---

(9 Misc. Rep. 279.)

### DOWD v. BROOKLYN HEIGHTS R. CO.

(City Court of Brooklyn, General Term. June 26, 1894.)

NEGLIGENCE—QUESTION FOR JURY.

    In an action against a street-car company for personal injuries, it appeared that plaintiff's intestate, a boy eight years old, started to cross the track about 50 feet in front of an approaching electric car. There was nothing to obstruct the motorman's view of the track, but he was looking in another direction, and did not notice a signal to stop for a passenger, and did not see the boy until he was struck. *Held*, that the evidence made a prima facie case of negligence, and it was error to grant a nonsuit.

Appeal from trial term.

Action by Thomas F. Dowd, administrator of Charles Dowd, deceased, against the Brooklyn Heights Railroad Company to recover damages for the death of plaintiff's intestate. From a judgment of nonsuit, plaintiff appeals. Reversed.

Argued before VAN WYCK and OSBORNE, JJ

Tredwell & Catlin, for appellant.

Morris & Whitehouse, for respondent.

VAN WYCK, J. This is an appeal from a judgment of nonsuit. This action was brought to recover damages for the death of plaintiff's child, who, it is alleged, was killed, at the age of eight years, through the negligence of the motorman of one of defendant's trolley cars. The motion to dismiss the complaint was made when the plaintiff rested his case, upon the grounds that defendant was not negligent and deceased was negligent. Was it error to grant this motion? we are called upon to answer.

There is evidence which the jury was justified in believing, and

from which it can be fairly inferred, that on July 23, 1893, Charles Dowd, an eight year old boy, was on the east side of Court street, Brooklyn, standing 11 feet from the down track, when he started to run directly towards this track to cross same, at which instant the down car was 50 feet from the point on this track at which he was about to cross, coming towards him at the "usual pretty fast" speed of the trolleys, which was not slackened till the car struck and killed the boy, when he had almost passed safely over, for with another step of about two feet he would have cleared the track; that the motorman, though it was bright daylight, with nothing to obstruct his view, did not see the boy, and did not even look forward, but constantly kept his eyes turned in another direction during the whole time the car was passing over a space of 50 feet or more in its approach to the point of collision; that the motorman's failure to see the boy and to slacken or to stop his car till the collision, when he stopped it in about 10 feet, was through his inattention to what was in front of him and near his track; that his mind was so riveted upon something else than his duties, or so wandering, with no thought of his surroundings, that he did not apparently pay any attention to the conditions in his front, and failed to recognize or respond to the usual signal with the uplifted hand to stop for a passenger, given by the witness Blumson. Negligence is a failure to exercise that degree of care which persons of ordinary experience and prudence would or ought to exercise under similar circumstances. Ordinary care exacts greater or less alertness according to the dangers which the exigencies of the surroundings would demand from persons of ordinary experience and prudence. Certainly the diligence of a motorman propelling a car along a country road seldom frequented by children or adults would be slight compared with that of a motorman driving his car through the crowded streets of a large city, with the usual percentage of children who constantly cross the roadways from sidewalk to sidewalk while going to and from school, church, on errands for parents, or recreating in play. Such use of the streets by children is not wrongful, and it is not, per se, negligence for a parent to permit even a non sui juris child to play upon the street. Kunz v. City of Troy, 104 N. Y. 344, 10 N. E. 442; McGuire v. Spence, 91 N. Y. 303. This child, Charles Dowd, was between eight and nine years old, and had been going to school several years, and was possessed of the usual brightness of a child of that age. Assuming him to have been sui juris, still he must be judged according to his maturity, for the law but expressed the judgment of the common sense of the people when it declared that greater circumspection will not be exacted of a child than that which his tender years afford. It would be an invasion of this most reasonable rule to hold, as a question of law, that this child was negligent, when he, standing near the track, and seeing a car 50 feet away, followed perhaps the dictates of his best judgment in believing that he could with all safety easily cross over before it reached him. Maybe his want of maturity led him to misjudge the relative rapidity of his own and the car's speed. We are satisfied that the question of contributory neg-

ligence, assuming the child to have been sui juris, was for the jury, and not for the court.  McGovern v. Railroad Co., 67 N. Y. 418.  See Id. 421; Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415; Kunz v. City of Troy, 104 N. Y. 344, 351, 10 N. E. 442.

The court of appeals has often declared, in one form or another, that drivers of vehicles must appreciate the fact that foot travelers frequently cross the streets and that this devolves upon them the duty of being watchful, and looking out for such travelers for the purpose of avoiding a collision.  Murphy v. Orr, 96 N. Y. 14, 16; Moebus v. Herrmann, 108 N. Y. 353, 15 N. E. 415.  The testimony in this case would sustain a finding, which would be the most charitable view of it, that the motorman, through inattention, was neither watchful nor careful in his outlook for foot travelers on this occasion, and that, if he had been, he would have discovered the dangerous position of the deceased boy in time to have saved him from injury by stopping or slowing up the car, and, on the other hand, if he did see the boy within a few feet of the track, running directly towards it to cross the same, a finding that he should have anticipated the child's dangerous position and could have avoided the collision by reasonable care in cutting off his power and applying his brake, and that he failed to do so.  There was a prima facie case on defendant's negligence which should have been submitted to the jury.  Stone v Railroad Co., 115 N. Y. 104, 21 N. E. 712; Mason v. Railroad Co., 4 Misc. Rep. 291, 24 N. Y. Supp. 139, affirmed 140 N. Y. 657, 35 N. E. 892; Thurber v. Railroad Co., 60 N. Y. 326, 329; Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415; Murphy v. Orr, 96 N. Y. 14; Keenan v. Railroad Co. (City Ct. Brook. General Term, May, 1894) 29 N. Y. Supp. 325.  The judgment and order herein must be reversed, and new trial ordered, with costs to abide the event.