ANTHONY TIMONY, as Administrator, Respondent, *v.* THE BROOKLYN CITY & NEWTOWN RAILROAD Co., Appellant.

(City Court of Brooklyn— General Term, November, 1894.)

Plaintiff's intestate, a child five years old, while playing in the street with an older brother, attempted to run across the street and was struck and killed by a motor which was half a block away when the child started to cross. It appeared that the motorman could have seen the child during the entire time, but made no effort to slow down or stop the car until it was fifty feet beyond the place of the accident. *Held*, that the questions of negligence and contributory negligence were for the jury to determine.

## 262   TIMONY *v.* BROOKLYN CITY & N. R. R. CO.

Where the motorman, on cross-examination, evades a question as to whether he did not tell an officer that he was sick and did not have proper control of the car, by answering that he could not be sick when he was working, it is proper to pursue the inquiry by the direct question whether he was sick or not at that time.

APPEAL from judgment in favor of the plaintiff, entered upon a verdict, and from order denying a motion for a new trial on the minutes.

*Morris & Whitehouse*, for appellant.

*Charles J. Patterson*, for respondent.

VAN WYCK, J.   This action was to recover damages for the death of plaintiff's son, who was run over by one of defendant's trolley cars at the junction of Wythe avenue and Rush street in this city.   The trial resulted in a verdict for the plaintiff for $3,000.   This appeal is from the judgment entered on that verdict and from the order denying motion for a new trial.

The first contention of appellant is that the refusal of the trial court to nonsuit was error; that the evidence was insufficient to carry the question of defendant's negligence or that of this boy's freedom from contributory negligence to the jury.

There is testimony in this case which, if true, establishes that on the morning of October 6, 1893, the deceased, a boy five years of age, went out into the street in charge of his brother, thirteen years of age, and while he, with other children, was playing about a pile of dirt at the southeast corner of Wythe avenue and Rush street, he started to run across Wythe avenue, at which instant one of defendant's trolley cars, on the west track, was about half a block away coming very fast, and when the boy reached the west track it was about fifty feet away, and just as he was about to clear the westerly rail of this track the car knocked him down, running over him, and going a distance of fifty feet after the collision; that though the motorman could have seen him

approaching the track from the time he started from the corner when he (the motorman) was half a block from the point of collision, and though he could have seen him on the track when he (the motorman) was fifty feet from the point of collision, he continued to run his car at the same rapid speed, paying no attention to the outcries of warning, and making no effort to stop until he had knocked the boy down and killed him, and going then a distance of fifty feet beyond the point of collision, though he could have stopped his car in a distance of eight to thirty feet. We think that both questions were properly submitted to the jury. The General Term of this court has too recently expressed itself to that effect to again repeat its reasons for such conclusion, and we shall content ourselves by referring to our opinions in *Keenan* v. *Brooklyn City R. R. Co.*, 8 Misc. Rep. 601, and *Dowd* v. *Brooklyn Heights R. R. Co.*, 9 id. 279.

The only other exceptions urged by appellant are found at folios 94, 95. These questions to the motorman were properly admitted on cross-examination after he had sworn on the direct that he was alert and had done all a man could do in the management of his car to save the boy. He was first asked on cross-examination if he had not, just after the accident, told Officer Duffy that he was sick and did not have proper control of his car, to which he answered he could not be sick when he was working. It seems to us that the cross-examiner had a right to pursue him, after such evasion, with the direct question as to whether he was sick or not on that occasion. He answered this question that he was not sick, so, if the question was improper, the answer in no way harmed the defendant.

The judgment and order must be affirmed, with costs.

CLEMENT, Ch. J., concurs.

Judgment and order affirmed, with costs.