## TIMONY v. BROOKLYN CITY & N. R. CO.

(City Court of Brooklyn, General Term. November 26, 1894.)

STREET RAILROADS—INJURIES TO CHILD ON TRACK.

    In an action for running over a boy five years old, it appeared that, when he started to cross the street, defendant's electric car was half a block away; that while he was on the track it was about 50 feet away;. and that it ran 50 feet after it struck him. The motorman could have stopped the car in a distance of 8 to 30 feet. *Held,* that the question. of negligence was properly submitted to the jury.

Appeal from trial term.

Action by Anthony Timony, as administrator of John Timony, deceased, against the Brooklyn City & Newtown Railroad Company. From a judgment entered on a verdict in favor of plaintiff for $3,000, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Morris & Whitehouse, for appellant.
Chas. J. Patterson, for respondent.

VAN WYCK, J. This action was to recover damages for the death of plaintiff's son, who was run over by one of defendant's trolley cars at the junction of Wythe avenue and Rush street, in this city. The trial resulted in a verdict for the plaintiff for $3,000. This appeal is from the judgment entered on that verdict, and from the order denying motion for a new trial.

The first contention of appellant is that the refusal of the trial court to nonsuit was error; that the evidence was insufficient to carry the question of defendant's negligence, or that of this boy's freedom from contributory negligence, to the jury. There is testimony in this case which, if true, establishes: That on the morning of October 6, 1893, the deceased, a boy 5 years of age, went out into the street, in charge of his brother, 13 years of age, and while he, with other children, was playing about a pile of dirt at the southeast corner of Wythe avenue and Rush street, he started to run across Wythe avenue, at which instant one of defendant's trolley cars, on the west track, was about half a block away, coming very fast; and when the boy reached the west track it was about 50 feet away, and just as he was about to clear the westerly rail of this track the car knocked him down, running over him, and going a distance of 50 feet after the collision. That though the motorman could have seen him approaching the track from the time he started from the corner, when he (the motorman) was half a block from the point of collision, and though he could have seen him on the track when he (the motorman) was 50 feet from the point of collision, he continued to run his car at the same rapid speed; paying no attention to the outcries of warning, and making no effort to stop until he had knocked the boy down and killed him, and going then a distance of 50 feet beyond the point of collision, though he could have stopped his car in a distance of 8 to 30 feet. We think that both questions were properly submitted to the jury. The general term of this court has too recently expressed itself to that effect to again repeat its reasons for such conclusion, and we shall content ourselves by referring to our opinions in Keenan v. Railroad Co., 8 Misc. Rep. 601, 29 N. Y. Supp. 325, and Dowd v. Railroad Co., 9 Misc. Rep. 279, 29 N. Y. Supp. 745, 601.

The only other exceptions urged by appellant are found at folios 94, 95. These questions to the motorman were properly admitted on cross-examination after he had sworn on the direct that he was alert, and had done all a man could do, in the management of his car, to save the boy. He was first asked on cross-examination if he had not, just after the accident, told Officer Duffy that he was sick, and did not have proper control of his car, to which he answered he could not be sick when he was working. It seems to us that the cross-examiner had a right to pursue him, after such evasion, with the direct question as to whether he was sick or not on that occasion. He answered this question that he was not sick, so, if the question was improper, the answer in no way harmed the defendant. The judgment and order must be affirmed, with costs.