## HICKMAN v. WILLIAM SCHIMPER & CO.

(Supreme Court, Appellate Division, Second Department.   March 11, 1908.)

1. MUNICIPAL CORPORATIONS—STREETS—INJURIES TO PEDESTRIAN.
        In an action for injuries to a pedestrian at a street crossing, whether defendant's driver was negligent *held*, under the evidence, for the jury.

2. SAME—EVIDENCE—SUFFICIENCY.
        In an action for injuries to a pedestrian at a street crossing, evidence *held* sufficient to sustain a verdict for plaintiff.
        [Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1515.]

3. SAME—CONTRIBUTORY NEGLIGENCE—DUTY TO OBSERVE DANGER.

When a pedestrian is about to cross a city street at a point where it is crossed by a railroad track, there is no duty as a matter of law to look both ways; but the degree of caution to be exercised will be affected by the situation and surrounding circumstances.

4. SAME—QUESTIONS FOR JURY—CONTRIBUTORY NEGLIGENCE.

In an action by a pedestrian for injuries at a street crossing, whether plaintiff was negligent *held*, under the evidence, for the jury.

Appeal from Trial Term, Kings County.

Action by Charles H. Hickman against William Schimper & Co. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

See 105 N. Y. Supp. 636.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

John C. Robinson, for appellant.

James C. Cropsey, for respondent.

RICH, J. The action is brought to recover damages for a personal injury alleged to have been sustained through the negligence of one of defendant's drivers. The exception to the denial of a motion to dismiss the complaint, upon the ground that no negligence on the part of the defendant had been shown and that plaintiff had failed to show freedom from contributory negligence, presents the only questions for our consideration.

The plaintiff, a man 70 years of age, was walking along the northerly side of Dey street, in the borough of Manhattan. As he approached Church street, an obstruction in the street, caused by building, compelled his turning to the south side of the street, after which he crossed diagonally to the north side of the street again and was passing over the crosswalk across Church street, on the north side of Dey street, when he was run down by a horse driven by one of defendant's employés, which was proceeding in an easterly direction along the north side of Dey steret, and upon reaching Church street was quickly turned into it, with no warning to passengers using the crossing. There were two car tracks extending through the center of Church street where it crosses Dey street. Defendant's driver testified that he did not see the plaintiff until he turned his horse into Church street, and that the plaintiff was then upon the crosswalk, the horse's head was three or four feet from the crosswalk, and the horse was walking. A witness called by the defendant, who was riding in the wagon, testified that the plaintiff was in the middle of the car tracks when he first saw him, which would bring him near to the center of the street. The accident occurred at 5 o'clock in the afternoon, and there is no evidence of any obstruction, at the place of the accident, that to any extent interfered with the driver's ability to see the plaintiff at all times after he started to cross the street, had he looked or made °any attempt to ascertain whether persons were upon the crosswalk. This evidence required the submission to the jury of the question whether or not the defendant's driver was negligent, and is suf-

ficient to sustain their conclusion that he was.   Murphy v. Orr, 96 N. Y. 14; Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415, 2 Am. St. Rep. 440; Birkett v. Knickerbocker Ice Co., 110 N. Y. 504, 18 N. E. 108.

The main argument as to the existence of contributory negligence on the part of the plaintiff is predicated upon the assumption that he did not look in either direction on reaching the crosswalk and before attempting to cross it.   It is true that the plaintiff does not testify that he looked in either direction; but it was established upon the trial by competent evidence that the injury sustained by him was such as seriously impaired his memory, and that at the time of the trial he was unable to remember things that had happened but a short time before his attention was called to them.   He was unable to tell which side of the street or in which direction he was going, and the jury might properly attribute his inability to remember and detail the matters connected with the accident to the injury he had received.

The duty imposed upon a pedestrian, at the crossing of a street by the tracks of a railroad, to look both ways, does not, as matter of law, attach to such person when about to cross from one side to another of a city street.   The degree of caution he must exercise will be affected by the situation and surrounding circumstances.   Moebus v. Herrmann, supra.   It thus becomes a question of fact for determination by the jury.   Had he looked, it would not necessarily have occurred to him to look behind him.   The horse that collided with him was on Dey street, and approaching Church street, which he was about to cross, from his rear.   He was entirely out of the line of travel of the rig before its direction was changed, and such direction was not changed until after he had reached the center of the street.   There is nothing in the circumstances shown that made it incumbent upon the plaintiff, as matter of law, to assume that the direction in which the horse driven by the defendant's employé was traveling would be changed when it reached the intersection of Church street, or that it devolved upon him to exercise special diligence in avoiding a collision with it.

The judgment must be affirmed, with costs.   All concur.