(35 App. Div. 307.)

HARVEY v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. December 6, 1898.)

1. STREET RAILROADS—RIGHTS OF PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.
    A person is not at liberty to take even doubtful chances of being able to cross a street in front of an approaching car, or to assume that the motorman will be able to successfully stop it.

2. SAME—ACCIDENTS AT CROSSINGS—INSTRUCTIONS.
    In an action for damages for being run into by a street car, an instruction that plaintiff is chargeable with negligence if he saw the approaching car, and did not take "proper steps" to avoid it, and that he was not at liberty to take even doubtful chances in attempting to cross the street in front of the car, is not erroneous by reason of the use of the term "proper steps," since, construed as a whole, it only requires reasonable care.

3. SAME—CARE REQUIRED IN OPERATION.
    The degree of care required in operating a street car is to be reasonably careful, to keep the car under proper control, and to be vigilant in approaching crossings.

Appeal from trial term.

Action by Michael Harvey against the Nassau Electric Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John M. Ward, for appellant.
S. S. Whitehouse, for respondent.

HATCH, J. The evidence in this case was probably sufficient to authorize the submission by the court to the jury of the questions of negligence and contributory negligence. The court, however, fell in-

to error in its charge to the jury, and for this error the judgment must be reversed.

The defendant requested the court to charge as follows:

"If the plaintiff saw the approaching car, and did not take proper steps to avoid it, he is chargeable with negligence. That he is not at liberty to take even doubtful chances of the consequence of crossing the street in the face of danger, or of reliance upon a successful attempt of the motorman to stop the car."

An examination of the general charge shows that the court had not covered the view of the law embodied in this request, and it is clear that the evidence raised the question which the defendant sought, by its request, to have considered by the jury. If the request was correct, as matter of law, the defendant became entitled to the charge. The last clause of the request was clearly proper, and is supported by authority. McClain v. Railroad Co., 116 N. Y. 459, 22 N. E. 1062. The first clause of the request is also proper, unless the construction to be placed upon the words "proper steps," contained therein, means such steps as would, if taken, have prevented the accident. It is quite true, as to most accidents, that it may be subsequently seen that a line of conduct might have been taken which would have avoided the accident, yet such is not a proper test in determining questions of negligence, for, if such be the rule, then, if any line of conduct could have avoided the accident, a person would be chargeable with negligence for not having adopted it. It is claimed that the words we have quoted from the request to charge embodied the requirement we have considered, and therefore no error was committed in the refusal to charge the request. Taking the request as a whole, we do not think this construction warranted. The language related to the care required in crossing the track, and we think that the words "proper steps" were used in the sense of "reasonable care," and that the interpretation which seeks to impose a greater duty, as embodied in the request, is not its fair interpretation as a whole, and that the defendant was entitled to have the request charged. In the general charge the court laid down the rule as requiring the defendant to operate their cars "as far as possible  *  *  *  without injury to pedestrians or vehicles." To this charge exception was taken. The defendant also requested the court to charge that "there is the same duty incumbent upon the plaintiff to use prudence and care that there is upon the motorman, or any other servant of the defendant." The court charged that this was correct, as a general proposition of law, and then added, among other things, that the plaintiff "had a right to assume the motorman saw him, and that the motorman would exercise care and caution in approaching" the street. "He had a right to assume that he would be allowed sufficient time to reach the car in safety." To this charge the defendant excepted. That portion of the charge first above noted was clearly error. It is not a rule of law that a street car must be operated beyond the possibility of injury to pedestrians or vehicles. The obligation is to exercise reasonable care in operation, to be watchful and vigilant when approaching street crossings, and have the car well under control. Moroney v. Railroad Co. (City Ct. Brook.) 9 N. Y. Supp. 546; Murphy v. Orr, 96 N. Y. 14; Moe-

bus v. Herrmann, 108 N. Y. 349, 15 N. E. 415; Wihnyk v. Railroad Co., 14 App. Div. 515, 43 N. Y. Supp. 1023. Beyond this the obligation does not extend, but the obligation imposed by the court in its charge carried it further, and was, therefore, error. Whether the motorman could see the plaintiff, or ought to have seen him, under all the circumstances of the case, was not for the court to affirm as matter of law. This question was one for the jury to answer, under all the circumstances of the case. It was, therefore, error, within the rule of the above cases, to charge that the plaintiff might assume that the motorman saw him at the crossing.

For these reasons the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.