BOENTGEN v. NEW YORK & H. R. CO.

(Supreme Court, Appellate Division, Second Department.   January 31, 1899.)

STREET RAILROADS—INJURIES TO PERSON NEAR TRACK—QUESTION FOR JURY.
    Evidence showed that plaintiff was standing on a cross walk between the tracks of a street railway, preparatory to taking a south-bound car, when he was struck by a north-bound car, which was in full view of him while approaching. The drivers were instructed to slow up or stop when approaching a car near or on a cross walk receiving passengers; but the driver of the north-bound car approached the place where plaintiff was standing, without checking his speed. Plaintiff, being about to take the south-bound car, was facing in that direction, and did not notice the approach of the other car. *Held* sufficient to authorize the submission of the case to the jury.

Appeal from trial term, New York county.

Action by William Boentgen against the New York & Harlem Railroad Company. From a judgment of the trial term (50 N. Y. Supp. 331), and from an order denying a motion for new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Ben L. Fairchild, for appellant.
Payson Merrill, for respondent.

GOODRICH, P. J.   The plaintiff sues to recover the damages sustained by him in consequence of being run down by a car of the defendant, which was operating a line of horse cars on Madison avenue, in the borough of Manhattan. The answer denies any negligence of the defendant, and alleges contributory negligence on the part of the plaintiff. The court, at trial term, at the close of the plaintiff's evidence, dismissed the complaint. The plaintiff excepted,

and moved for a new trial. The motion was denied, and, from the judgment and order entered thereon, the plaintiff appeals.

The plaintiff and one Foster had been standing on the southwesterly corner of Madison avenue and Seventy-Seventh street, and went out on the lower cross walk to take a south-bound car. Foster stood on the westerly side of the track, and boarded the front platform. The plaintiff crossed the track, and stood on the cross walk, on the strip between the two lines of tracks; and while he was standing there, waiting to mount the rear platform of the car, another car, bound north, passed, knocking him down, and seriously injuring him. He testified that, before he took his position on the cross walk, he saw the north-bound car stationary at Seventy-Sixth street, and that he signaled the south-bound car, which was then at the upper cross walk of Seventy-Seventh street; that he took his position facing the south-bound car, and did not look back again to observe the north-bound car, and, while so standing, was struck by the latter, and knocked insensible. It appeared that the platforms of the cars were open on each side, to receive and discharge passengers, and that the space between the sides of the cars as they passed each other was 2 feet and 4½ inches.

It cannot be affirmed, as matter of law, on these facts, that the plaintiff was guilty of contributory negligence. That was a question of fact, to be determined, among other things, from the distance between the two cars when the plaintiff took his position, and the speed of both cars. It would have been imprudent for the plaintiff to go between the tracks if the cars were in such proximity that they would pass each other before he could reasonably expect to be able to board the south-bound car; but it was a question of fact whether there was such proximity, and whether the act of the plaintiff in taking his position was the act of a reasonably prudent man.

But, even assuming that the plaintiff took an exposed position, it does not follow that he is necessarily precluded from recovery, provided the negligence of the defendant was the proximate cause of the accident. The plaintiff was standing on a cross walk. He had the right to assume that the north-bound car, in approaching the cross walk, would be under control. The instruction of the defendant to its drivers is in evidence. The driver of the down car says: "My instructions were to slow up or stop when I approached a car that is near or on the cross walk receiving passengers." The south-bound car and the plaintiff were in plain view of the driver of the north-bound car, and he could have seen that the plaintiff was on the cross walk, waiting to take the down car, and he was therefore bound to obey the rule of the company, and reduce speed or stop. There is evidence tending to show that, instead of doing this, he was urging his horses, without regard to the position of the plaintiff, and passed the place where the latter was standing, without checking speed. His speed was such that he did not, and we assume could not, when the accident occurred, stop his car, until it had reached the north crossing of Seventy-Seventh street. In other words, he did not check his speed or stop the car, as he easily could have done before he reached the cross walk; and this raised a question of fact

whether the driver was exercising reasonable care, and whether this, and not the position of the plaintiff, was the proximate cause of the accident.

In Murphy v. Orr, 96 N. Y. 14, 16, the court said:

"Whoever drives horses along the streets of a city is bound to anticipate that travelers on foot may be at the crossing, and must take reasonable care not to injure them. He is negligent whenever he fails to look out for them, or when he sees, and does not, so far as is in his power, avoid them. * * * The horses, quietly moving on a walk, were completely under his control; and from his elevated seat he could, as is conceded, 'see a block away,' and 'all around, in front and on both sides.'"

This court applied the doctrine of Murphy v. Orr, supra, to the facts in Wihnyk v. Railroad Co., 14 App. Div. 515, 43 N. Y. Supp. 1023, and held the defendant liable where a person was injured on a cross walk, although seen by the driver of an approaching car only 40 feet away. The court said (page 516, 14 App. Div., and page 1024, 43 N. Y. Supp.):

"The accident occurred practically at the cross walk. At such places the drivers of vehicles must anticipate the probable presence of pedestrians, and be on their guard to avoid injuring them."

We think there was evidence which required the submission of the case to the jury, and that, for the refusal to do so, the judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.