WILLIAM BOENTGEN, Appellant, *v.* NEW YORK AND HARLEM RAIL-
ROAD COMPANY, Respondent.

*Negligence — a person struck by a car, while standing on a crossing between two lines*
*of tracks — proximate cause of the accident.*

A person is not guilty of contributory negligence as matter of law, who, while
standing on a crosswalk in the space between two lines of tracks of a street
railroad waiting to board a south-bound car then at the other crossing of the
street in which he is standing, is struck by a north-bound car which, at the
time he took this position, he saw standing a block away, and which he did
not look at again (the space between the cars as they passed each other being
two feet four and one-half inches), where the driver of the north-bound car,
although he could see the situation, failed to obey the rule of the company
requiring him, under such circumstances, to reduce the speed of his car or
stop, but urged his horses on.

*Quære*, whether the want of care of the driver or the exposed position of the per-
son injured was the proximate cause of the accident.

APPEAL by the plaintiff, William Boentgen, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of New York on the 21st day of March,
1898, upon the dismissal of his complaint by direction of the court
after a trial at the New York Trial Term, and also from an order
entered in said clerk's office on the 29th day of March, 1898, deny-
ing the plaintiff's motion for a new trial made upon the minutes.

This appeal was transferred from the first department to the
second department.

*Ben L. Fairchild*, for the appellant.

*Payson Merrill*, for the respondent.

GOODRICH, P. J.:

The plaintiff sues to recover the damages sustained by him in con-
sequence of being run down by a car of the defendant, which was
operating a line of horse cars on Madison avenue in the borough of
Manhattan. The answer denies any negligence on the part of the
defendant, and alleges contributory negligence on the part of the
plaintiff. The court at Trial Term, at the close of the plaintiff's
evidence, dismissed the complaint, the plaintiff excepted and moved
for a new trial, the motion was denied, and from the judgment and
order entered thereon the plaintiff appeals.

The plaintiff and one Foster had been standing on the southwest-

erly corner of Madison avenue and Seventy-seventh street and went out on the lower crosswalk to take a south-bound car. Foster stood on the westerly side of the track and boarded the front platform. The plaintiff crossed the track and stood on the crosswalk on the strip between the two lines of tracks, and while he was standing there, waiting to mount the rear platform of the car, another car bound north passed, knocking him down and seriously injuring him. He testified that before he took his position on the crosswalk he saw the north-bound car stationary at Seventy-sixth street, and that he signaled the south-bound car which was then at the upper crosswalk of Seventy-seventh street; that he took his position facing the south-bound car, and did not look back again to observe the north-bound car, and while so standing was struck by the latter and knocked insensible. It appeared that the platforms of the cars were open on each side to receive and discharge passengers, and that the space between the sides of the cars as they passed each other was two feet four and one-half inches.

It cannot be affirmed as matter of law, on these facts, that the plaintiff was guilty of contributory negligence. That was a question of fact to be determined, among other things, from the distance between the two cars when the plaintiff took his position, and the speed of both cars. It would have been imprudent for the plaintiff to go between the tracks if the cars were in such proximity that they would pass each other before he could reasonably expect to be able to board the south-bound car, but it was a question of fact whether there was such proximity, and whether the act of the plaintiff in taking his position was the act of a reasonably prudent man.

But even assuming that the plaintiff took an exposed position, it does not follow that he is necessarily precluded from recovery, provided the negligence of the defendant was the proximate cause of the accident. The plaintiff was standing on a crosswalk. He had the right to assume that the north-bound car, in approaching the crosswalk, would be under control. The instruction of the defendant to its drivers is in evidence. The driver of the down car says : " My instructions were to slow up or stop when I approached a car that is near or on the crosswalk taking on or receiving passengers." The south-bound car and the plaintiff were in plain view of the driver of the north-bound car, and he could have seen that the

plaintiff was on the crosswalk, waiting to take the down car; and he was, therefore, bound to obey the rule of the company and reduce speed or stop.   There is evidence tending to show that, instead of doing this, he was urging his horses without regard to the position of the plaintiff, and passed the place where the latter was standing, without checking speed.   His speed was such that he did not, and we assume could not, when the accident occurred, stop his car until it had reached the north crossing of Seventy-seventh street.   In other words, he did not check his speed or stop the car as he easily could have done before he reached the crosswalk, and this raised a question of fact whether the driver was exercising reasonable care, and whether this and not the position of the plaintiff was the proximate cause of the accident.

In *Murphy* v. *Orr* (96 N. Y. 14, 16) the court said: " Whoever drives horses along the streets of a city is bound to anticipate that travelers on foot may be at the crossing, and must take reasonable care not to injure them.   He is negligent whenever he fails to look out for them, or when he sees, and does not, so far as is in his power, avoid them.   There was evidence in this case fairly leading to either of these conclusions in regard to the driver's conduct.   The day was clear and bright, the street was unobstructed, the horses, quietly moving on a walk, were completely under his control, and from his elevated seat he could, as is conceded, ' see a block away,' and ' all around, in front and on both sides.' "

This court applied the doctrine of *Murphy* v. *Orr* (*supra*) to the facts in *Wihnyk* v. *Second Ave. R. R. Co.* (14 App. Div. 515), and held the defendant liable where a person was injured on a crosswalk, although seen by the driver of an approaching car only forty feet away.   The court said (p. 516) : " The accident occurred practically at the crosswalk.   At such places, the drivers of vehicles must anticipate the probable presence of pedestrians, and be on their guard to avoid injuring them."

We think there was evidence which required the submission of the case to the jury, and that for the refusal to do so the judgment and order should be reversed.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.