guardian of an infant from the award of costs, and I find nothing in the statute which necessarily renders a trial upon questions presented by an infant's general answer different from any other trial with respect to the question of costs. I have been referred to a decision at special term where, after the interposition of an infant's answer, the court held that was no issue; but this case was one where a reference was had, under section 1619 of the Code, in an action for dower; there being no trial, and the reference being had with regard to a question upon which the court was bound to pass,—whether an answer was served on behalf of the infant or not,—and which did not relate to any issue in the case. This authority is not in point, and another and later decision founded upon it is of no greater pertinence to the present question. I conclude that the motion should be granted in all respects.

Motion granted.

(54 App. Div. 164.)

## SCHWARZBAUM v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. October 19, 1900.)

1. TRIAL—MOTION TO DISMISS—EVIDENCE—CONSTRUCTION.

    On a motion by defendant to dismiss a complaint on the evidence, the evidence will be considered in the aspect most favorable to plaintiff, who will be entitled to all the natural and legitimate inferences flowing therefrom and tending to support his cause.

2. STREET RAILWAYS—INJURIES—CROSSING TRACKS—CONTRIBUTORY NEGLIGENCE —QUESTION FOR JURY.

    On a dark, rainy night plaintiff and her intestate were about to cross a city street traversed by parallel tracks of a street railway, when they observed a south-bound street car approaching. Plaintiff testified that they thereupon looked up and down, to see if other cars were coming, and, seeing none, they crossed immediately behind the south-bound car. Plaintiff's intestate, being somewhat in advance, was struck and killed, on reaching the second track, by a north-bound car, which plaintiff testified came up "just like lightning." Two other witnesses testified to observing two cars moving southward, one some 30 feet behind the other, and one of these witnesses saw the north-bound car, his testimony as to its speed being self-contradictory. *Held,* that the evidence did not conclusively show contributory negligence in plaintiff's intestate, and hence it was error to dismiss the complaint on the evidence.

3. SAME—DEFENDANT'S NEGLIGENCE—QUESTION FOR JURY.

    Where, in an action for the killing of plaintiff's intestate on a street-car track by a street car, the evidence showed that on approaching a street crossing on a dark, rainy night the employés of the street-car company managing the car failed to give notice of the car's approach by sounding a gong or bell, it was sufficient to take the case to the jury, even though the car only moved at an ordinary rate of speed; and hence dismissal of the complaint on the evidence was error.

    Van Brunt, P. J., and Rumsey, J., dissenting.

Appeal from trial term, New York county.

Action by Jennie Schwarzbaum, administratrix of the estate of Moritz Schwarzbaum, deceased, against the Third Avenue Railroad Company. From a judgment in favor of defendant, entered on the dismissal of the complaint at the close of plaintiff's case, she appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PAT-TERSON, and O'BRIEN, JJ.

S. Greenbaum, for appellant.
E. Treadwell, for respondent.

O'BRIEN, J. This action is founded upon the allegation that in consequence of negligence of the defendant's servants engaged in operating one of its street cars the plaintiff's intestate sustained injuries resulting in his death. On the trial, at the close of the plaintiff's proofs, the complaint was dismissed; the court ruling that the decedent did not exercise "ordinary care and caution" when the accident occurred. The learned trial justice, in commenting on the evidence, remarked that it was "impossible to come to any other conclusion." Hence the plaintiff was nonsuited on the specific ground that as matter of law her intestate was clearly chargeable with contributory negligence. Notwithstanding the strong conviction and emphatic utterance of the learned trial justice, if we apply to the proof as it appears in the record the inflexible rule that upon a motion to dismiss a complaint the evidence must be considered in the aspect most favorable to the maintenance of the action, and that a plaintiff is entitled to all inferences that naturally and legitimately follow from such a consideration, we are compelled to hold that it does not appear conclusively that the plaintiff's intestate failed to exercise care, discretion, and caution under the circumstances attendant upon the accident from which he suffered injury. It is not conclusively shown that he did anything that he, as a prudent man, should not have done, or that he omitted to do anything he should have done to prevent the occurrence. Indeed, if the testimony of Mrs. Schwarzbaum, even as modified by that of the other witnesses for the plaintiff, is to be believed, a jury might well have found that the decedent did all that a prudent person could or should have done before and at the time of the occurrence out of which the action arises. Our view of the evidence on this subject differs altogether from that of the trial justice, which of itself is sufficient to indicate that the question of contributory negligence should not have been disposed of as one of law, but should have been left to the jury. The accident happened at about 10 o'clock on a very dark February night. Heavy rain was falling. Mr. Schwarzbaum (the intestate) and his wife were walking on the southerly sidewalk of 111th street, in the city of New York. They reached the southwest corner of Third avenue, when they heard the ringing of the bell of a car moving southward; that is, on the westerly track of the defendant's road. Then both Mr. and Mrs. Schwarzbaum (as she swears) looked "up and down" to see if other cars were approaching, after which they proceeded to cross, Mr. Schwarzbaum being a little in advance of his wife. When the former got as far as the easterly rail of the easterly track, he was struck by a car moving northward, which car Mrs. Schwarzbaum did not see until it was very close to her. Her statement is that "the car came up just like lightning." Her testimony shows that both she and her husband exercised due care in attempting to cross the tracks, but

two other witnesses—Policeman Dodd and Mr. Frank—deposed to an additional circumstance, from which the trial justice inferred that the intestate could not have looked with care for cars or vehicles approaching either from the north or the south. The witnesses named state that there were two cars moving southward, and that Mr. and Mrs. Schwarzbaum crossed after the first car had passed by. Mrs. Schwarzbaum swears that she saw but one. Because she did not see this second car, which was some 30 feet in the rear of that behind which she passed, the trial justice assumed it to be conclusive that she did not look at all, and that, had she looked, she must of necessity have seen the north-bound car. That assumption is not justified. Dodd, from his position, may have seen two cars going south, but the Schwarzbaums, from theirs, and from the south-bound car obstructing their view, may have been prevented from seeing the north-bound car. Frank did not see the second south-bound car until after the first had passed. What these witnesses saw does not necessarily prove that Mr. and Mrs. Schwarzbaum were careless, or did not look for a car coming northward. Dodd, standing on the northwest corner of 111th street and Third avenue, saw a north-bound car, but it is not probable that his account of what he saw can be entirely accurate. The position of Mr. and Mrs. Schwarzbaum when the south-bound car passed them, so far as the evidence shows, was at the southwest corner. Dodd says that when he first saw the north-bound car it was six feet below or south of the crossing, and that was just as the south-bound car passed the plaintiff and her husband. If that were so, then this north-bound car could not have moved six feet while one of these old people was traversing the distance between the westerly side of Third avenue and the easterly rail of the easterly track of the defendant's road; yet both Dodd and Frank say that car was moving at a "moderate" rate, while Mrs. Schwarzbaum says it was "going like lightning," neither of which words conveys any definite idea of its actual speed. The evidence does not show indisputably that the decedent was careless or imprudent. His conduct and all the circumstances of the occurrence should have been passed upon by the jury.

There was evidence of negligence. The failure to sound a gong or bell, or give some notice of the approach of a car moving even at ordinary speed, and near a street crossing, was, under the circumstances, some evidence from which negligence could be inferred.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

PATTERSON and HATCH, JJ., concur. VAN BRUNT, P. J., and RUMSEY, J., dissent.