not transferred to the buyer the property in the goods which are the subject of the contract, the vendor's only right of action against the buyer is to recover damages for his refusal to accept the thing sold." But this holds a doctrine just the contrary. However, no other authority for the declaration is cited by the learned justice. In the following cases the precise question involved in the case at bar was ably discussed and decided: Brewer v. Ford, 54 Hun, 116, 7 N. Y. Supp. 244, in which the opinion was written by Barker, J., and Safe Co. v. Emanuel, 21 Abb. N. C. 181, affirmed in 14 N. Y. St. Rep. 681. These cases hold that the seller, under a contract like the one here considered, may sue for and recover each installment of the purchase price as it matures. I have been unable to find any case where it was apparent that this question was directly involved which holds to the contrary. Upon both reason and authority, therefore, the judgment in this case should be reversed.

Judgment reversed, with costs, and with costs in the courts below, and a new trial granted in the city court of Albany. All concur, except PARKER, P. J., who dissents.

---

(35 Misc. Rep. 387.)

### G'SELL v. METROPOLITAN ST. R. CO.

(City Court of New York, General Term. June, 1901.)

STREET RAILROADS—INJURY TO PERSON NEAR TRACK.

> In an action by a husband against a street-railroad company for injuries to his wife, the evidence showed that the posts of an elevated road in the street compelled the wife to stand within two feet of defendant's tracks in order to see the cars approaching her street crossing, and that the fender of a car coming very rapidly and without ringing a bell caught her by the clothes and threw her down, injuring her. *Held* error to dismiss the complaint at the close of plaintiff's evidence on the ground of her contributory negligence.

Appeal from trial term.

Action by Leon G'Sell against the Metropolitan Street-Railroad Company. Judgment for defendant, and from it, and an order denying a new trial, plaintiff appeals. Reversed.

Argued before CONLAN, O'DWYER, and HASCALL, JJ.

Nicholas & Porter (Louis H. Porter, of counsel), for appellant.
Henry A. Robinson (John T. Little, of counsel), for respondent.

O'DWYER, J. The complaint was dismissed at the close of the plaintiff's case on the ground that the plaintiff's wife was guilty of contributory negligence, and that such negligence necessarily defeated this action. From the evidence it appears that the plaintiff's wife attempted to cross Second avenue, in the borough of Manhattan, from west to east, on the north side of Thirty-First street; that she stopped at the curbstone on the northwest corner, and

looked to see if the way was clear, and could not see any car. She says on her direct examination:

"I was coming out from the butcher shop, and I stopped at the curbstone of the sidewalk, and I looked up. I saw no car coming, and I went over easy to the avenue. There behind the elevator, I could see no car, and the car was not ringing, and was coming too fast without ringing a bell; and I made a step, and the car catched my clothes, broke my leg, dragged me down. The car just came and hit me. He was too quick, and came like the wind, and tore my clothes."

After all the plaintiff's evidence was in, the plaintiff's wife was recalled, and, in answer to questions by the court, stated:

"I was first on the sidewalk. I went down on the sidewalk from the curbstone, down with the avenue, and there I was looking up, and I saw no car. Then I walked very slowly to the avenue, and I come right between the two elevated posts, and I was looking up, and I could see no car. Something must be before me. Q. How far were you from the track when you last looked? A. Oh, well, I was always three or four feet away. Q. Three or four feet away from the track? A. Yes, sir. Q. Then what did you do? A. I don't see the car, and I made an easy step, and I wanted to go ahead, and the fender catched my clothes, dragged me down; my leg broke,—my ankle. Q. The last time you looked you said was when you were three or four feet away from the track? A. Yes, sir. Q. Then you made an easy step? A. Yes, sir. Q. And got onto the track? A. No, sir. Q. How far from the track? A. Well, I was always— I can't say; about so far. (Witness indicated with her cane.) Q. You were that far from the track,—about two feet? A. Yes, sir. Q. And then that car came right on you? A. The car was so quick, without ringing a bell."

This evidence undoubtedly made a case for the submission to the jury of the questions of defendant's negligence and the wife's freedom from contributory negligence. The fact that the wife was injured when two feet away from the track of the defendant, which position she had to reach after arriving at the elevated post, before being able to see whether a car was approaching or not, clearly made a case, within the authorities, for the jury to pass upon. The cases of Schwarzbaum v. Railroad Co., 54 App. Div. 166, 66 N. Y. Supp. 367, and Mitchell v. Same, 62 App. Div. 371, 70 N. Y. Supp. 1118, sustain these views. Judgment and order appealed from reversed, and new trial ordered, with costs to appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event. All concur.