TUPPER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. October, 1901.)

**1. STREET RAILWAYS—INJURIES—NEGLIGENCE—QUESTION FOR JURY.**

Where, in an action against a street railway for injuries, there was evidence that a north-bound car standing on the north corner served to cut off the view of persons seeking to cross the street from east to west, and that the south-bound car, which struck plaintiff at the crossing, was going at 10 miles an hour at the time, and that the bell was not rung on such car, the question of defendant's negligence is for the jury.

**2. SAME—CONTRIBUTORY NEGLIGENCE**

Where, in an action against a street railroad for injuries, there is evidence that plaintiff, on approaching the track on a certain street from east to west, saw a car go south, and looked up and down the street for approaching cars, and saw or heard none, owing to the fact that a north-bound car standing on the north corner served to cut off the view of persons seeking to cross the track, and the failure to ring the bell of a rapidly moving south-bound car, the question of contributory negligence in attempting to cross the track is for the jury.

Appeal from city court of New York, general term.

Action by Arlington L. Tupper against the Metropolitan Street Railway Company. From a judgment of the general term of the city court of the city of New York affirming a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

Baldwin & White (Roger S. Baldwin and Raymond S. White, of counsel), for appellant.

Henry A. Robinson (Theodore H. Lord, of counsel), for respondent.

SCOTT, J. This is an action for damages for the alleged negligence of defendant. The complaint was dismissed at the close of the plaintiff's case. He is therefore entitled to the benefit of all the facts and inferences which may be drawn from the evidence most favorable to his contention. Eastland v. Clarke, 165 N. Y. 425, 59 N. E. 202. The burden rested upon the plaintiff to show that the defendant's servants were guilty of some negligence contributing to the accident, and that he was free from such negligence. If the evidence showed conclusively either that the defendant was wholly free from negligence, or that the plaintiff himself was guilty of negligence, the nonsuit was properly directed; otherwise not. The plaintiff, about 7 o'clock in the evening on October 22, 1898, was slowly riding his bicycle through 114th street from east to west. As

he approached Manhattan avenue he saw one of the defendant's cars going south, and another going north; the latter stopping at the northerly side of 114th street. As he came towards the track he looked up and down to see if there was any car approaching, and as he approached the corner he looked toward the north to see if any car was coming down the avenue, and saw none. He started to cross the street behind the north-bound car, and when he got between the two tracks he saw a car coming rapidly downtown. This car struck him and inflicted the injuries for which he sued. The car was going at about 10 miles an hour, and the bell was not rung. The failure to ring the bell constituted, under the circumstances, some evidence upon which the jury might have found that the defendant was negligent. Schulman v. Railroad Co., 15 Misc. Rep. 32, 36 N. Y. Supp. 439; Schwarzbaum v. Railroad Co., 54 App. Div. 164, 66 N. Y. Supp. 367; Dunican v. Railway Co., 39 App. Div. 497, 57 N. Y. Supp. 326. The defendant's car had no paramount right to the use of the street at the crossing; and, while there may be no statutory duty resting upon the defendant's servants to ring a bell when approaching such a crossing, a jury might well say that proper care in the management of the car required that such a precaution be taken where the car was running at a high rate of speed, and where the north-bound car, standing at the upper corner, served to cut off the view of persons seeking to cross the street from east to west. A jury might equally have found the plaintiff free from negligence. He had just seen one car go south, and was not called upon to expect another to follow it immediately. He took the precaution to look up and down the avenue for approaching cars, and saw none, and, owing to the failure to ring the bell, did not hear the car which afterwards struck him. A finding by the jury that he had exercised reasonable care could not, on this evidence, be disturbed.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.