### HERNANDEZ v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. October, 1901.)

**1. STREET RAILWAYS—INJURY TO PERSON NEAR TRACK—EVIDENCE—SUFFICIENCY.**
    Plaintiff was stopped in his endeavor to cross by a blockade of carriages about a foot from defendant's track, and was struck by a car. Plaintiff and his companion both testified that the gong was not rung and that the car was going at full speed, while defendant's witnesses stated that the gong was rung and that the car was moving slowly. *Held* sufficient to authorize a submission to the jury on the question of whether notice of the approach of the car was given.

**2. SAME—CONTRIBUTORY NEGLIGENCE.**
    A person standing in the street near a street railway track because of a temporary blockade of the street by wagons is, as a matter of law, not guilty of contributory negligence, if struck by a car on such track.

**8. APPEAL—EXAMINATION OF OPINION OF LOWER COURT.**
    On an appeal from a judgment of the general term of the city court of New York City reversing a judgment of the special term, the appellate term of the supreme court will not look at the opinion of the general term for the grounds of the reversal.

Appeal from city court of New York, general term.

Action by Charles H. Hernandez against the Metropolitan Street Railway Company. From a judgment and order of the general term of the city court of New York (72 N. Y. Supp. 1107) reversing a judgment in favor of the plaintiff, the plaintiff appeals. Reversed, and judgment on verdict affirmed.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

Weeks, Battle & Marshall (George Gordon Battle and Charles W. Bacon, of counsel), for appellant.

Henry A. Robinson (Theodore H. Lord and Edward D. O'Brien, of counsel), for respondent.

McADAM, P. J. The plaintiff testified that on the evening of January 13, 1900, between 7 and 8 o'clock, on his way to his home, in Brooklyn, he walked in front of the Fifth Avenue Hotel and crossed over Twenty-Third street, opposite the Bartholdi Hotel, in the borough of Manhattan; that there was a blockade of several wagons and carriages there; that his "attention was directed in getting across to get upon a car"; that he was standing over a foot from the inside track, between the Broadway track and the Lexington avenue track; that, in order not to get hurt by the several carriages, he was looking to save himself, when a south-bound Lexington avenue car hit him upon the shoulder and knocked him down, by reason of which he sustained the injuries complained of. He also testified that he did not know what part of the car struck him, because he was struck so suddenly; that he might have been

struck by the second panel of the car; that the car was going at full speed; that the gong was not ringing at the time; that he did not see the car until it struck him. The plaintiff's witness Palmer, who was with the plaintiff at the time of the accident, testified that while crossing Twenty-Third street they had to stop because "there were some trucks blocking the place by the curve; there were two or three north-bound cars there, so we had to stop there, because we could not cross"; that they were standing on the easterly side of the downtown track, on the inside, one or two feet from the track, when the plaintiff was struck; that the car was going at full speed; that the witness did not hear a gong ring; that the accident occurred about 7 or 8 o'clock in the evening; that it was quite dark; and that plaintiff was struck and knocked down by the fender of the car. The defendant's witnesses testified that immediately prior to the accident the plaintiff was in conversation with other people on the street, and that he turned around suddenly and ran into the car at about the second panel of the car, and that the car was moving slowly around the curve. The defendant's inspector and conductor testified that the gong was ringing continuously while the car was rounding the curve. All that the gripman swore to on that point was that he always rang his gong there. He did not testify that he rang the gong on the occasion in question. We think the case was properly submitted to the jury by the trial court. Failure to sound a gong or to give some notice of the approach of the defendant's car, under the circumstances testified to, even though the car was moving at ordinary speed, would have been negligence (Schwarzbaum v. Railroad Co., 54 App. Div. 164, 66 N. Y. Supp. 367), and the question whether notice of the approach of the car was given was properly submitted to the jury (Henavie v. Railroad Co., 166 N. Y. 280, 59 N. E. 901).

As a matter of law, the plaintiff was not guilty of contributory negligence. The plaintiff had a legal right to go upon the track at the crossing, and stand at the place where he was injured. He was compelled to stand there because of the blockade, and that there was a blockade was undisputed. And but for the curve he probably would have seen the car and saved himself from injury. See Boentgen v. Railroad Co., 36 App. Div. 460, 55 N. Y. Supp. 847; Mitchell v. Railroad Co., 62 App. Div. 371, 70 N. Y. Supp. 1118.

The jury by their verdict, which was for $200, evidently compensated the plaintiff merely for his physician's bill and the pain and suffering endured by plaintiff.

We cannot look at the opinion of the general term for the grounds of the reversal of the judgment. People v. Lord, 157 N. Y. 408, 52 N. E. 185. Judgment of the general term of the city court reversed, and judgment on verdict affirmed, with costs in all the courts.

Judgment of general term reversed, and judgment on verdict affirmed, with costs.

SCOTT, J., concurs. MacLEAN, J., concurs in result.