Charles H. Hernandez, Appellant, v. The Metropolitan Street Railway Company, Respondent.

Appeal by the plaintiff from a judgment and order of the General Term of the City Court of the city of New York, reversing a judgment entered on a verdict in favor of the plaintiff.

Weeks, Battle & Marshall (George Gordon Battle and Charles W. Bacon, of counsel), for appellant.

Henry A. Robinson (Theodore H. Lord and Edward D. O'Brien, of counsel), for respondent.

McAdam, P. J.   The plaintiff testified that, on the evening of January 13, 1900, between 7 and 8 o'clock, on his way to his home in Brooklyn, he walked in front of the Fifth Avenue Hotel and crossed over Twenty-third street, opposite the Bartholdi Hotel, in the borough of Manhattan; that there was a blockade of several wagons and carriages there; that his " attention was directed in getting across to get upon a car; " that he was standing over a foot from the inside track, between the Broadway track and the Lexington avenue track; that in order not to get hurt by the several carriages he was looking to save himself when a south bound Lexington avenue car hit him upon the shoulder and knocked him down, by reason of which he sustained the injuries complained of.   He also testified that he did not know what part of the car struck him because he was struck so suddenly; that he might have been struck

by the second panel of the car; that the car was going at full speed; that the gong was not ringing at the time; that he did not see the car until it struck him.

The plaintiff's witness, Palmer, who was with the plaintiff at the time of the accident, testified that while crossing Twenty-third street they had to stop because " there were some trucks blocking the place by the curve; there were two or three north bound cars there, so we had to stop there because we could not cross; " that they were standing on the easterly side of the down-town track, on the inside, one or two feet from the track, when the plaintiff was struck; that the car was going at full speed; that the witness did not hear a gong ring; that the accident occurrred about 7 or 8 o'clock in the evening; that it was quite dark; and that plaintiff was struck and knocked down by the fender of the car.

The defendant's witnesses testified that immediately prior to the accident the plaintiff was in conversation with other people on the street, and that he turned around suddenly and ran into the car at about the second panel of the car; and that the car was moving slowly around the curve. The defendant's inspector and conductor testified that the gong was ringing continuously while the car was rounding the curve; all that the gripman swore to on that point was that he always rang his gong there; he did not testify that he rang the gong on the occasion in question.

We think the case was properly submitted to the jury by the trial court.

Failure to sound a gong or to give some notice of the approach of the defendant's car under the circumstances testified to, even though the car was moving at ordinary speed, would have been negligence (Schwarzbaum v. Third Ave. R. R. Co., 54 App. Div. 164), and the question whether notice of the approach of the car was given was properly submitted to the jury. Henavie v. N. Y. C. & H. R. R. R. Co., 166 N. Y. 280.

As a matter of law the plaintiff was not guilty of contributory negligence.

The plaintiff had a legal right to go upon the track at the crossing and stand at the place where he was injured. He was compelled to stand there because of the blockade, and that there was a blockade was undisputed. And but for the curve he probably would have seen the car and saved himself from injury. See Boentgen v. New York & Harlem R. R. Co., 36 App. Div. 460; Mitchell v. Third Ave. R. R. Co., 62 id. 371.

The jury by their verdict, which was for $200, evidently compensated the plaintiff merely for his physician's bill and the pain and suffering endured by plaintiff.

We cannot look at the opinion of the General Term for the grounds of the reversal of the judgment. People ex rel. Coler v. Lord, 157 N. Y. 408.

Judgment of the General Term of the City Court reversed and judgment on verdict affirmed with costs in all the courts.

SCOTT, J., concurs.

MACLEAN, J., concurs in result.

Judgment of General Term reversed and judgment on verdict affirmed, with costs.