### KEAR v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. May 16, 1907.)

STREET RAILROADS—COLLISIONS—ACTIONS—QUESTIONS FOR JURY.

　　In an action for damages to a gig caused by a collision with defendant's car, *held*, under the evidence, that the questions of defendant's negligence and of the contributory negligence of the driver of the gig were for the jury.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 251–257.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Henry Kear against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

William E. Weaver, for appellant.
Edward A. Grimley, for respondent.

SEABURY, J. The plaintiff has recovered a judgment for $165.97 as damages for injuries to a two-wheeled gig, caused by collision with one of the defendant's cars. The evidence upon the trial presented a sharp conflict; the plaintiff and two witnesses testifying that the gig was struck by a north-bound car, and three witnesses called by the defendant testifying that the gig was struck by a south-bound car. The accident happened at the intersection of Fifty-Sixth street and Second avenue, in the borough of Manhattan. At the place where the accident occurred it was the duty of the railroad company, as the court said in Harvey v. Nassau Electric Railway Company, 35 App. Div. 307, 55 N. Y. Supp. 20, "to exercise reasonable care in operation, to be watchful and vigilant when approaching street crossings, and to have the car well under control." The evidence was to the effect that as the car approached Fifty-Sixth street it was going "very fast," and that it did not slacken its speed as it approached the crossing. When the driver in charge of the gig was 35 or 40 feet from the track, he looked uptown and downtown, and was driving slowly.

Upon the whole testimony the questions as to whether the defendant was negligent and the driver of the gig free from contributory negligence were for the jury, and the verdict rendered cannot be dis-

turbed as being contrary to the weight of evidence. The case was submitted to the jury in a charge to which the defendant took no exception. The evidence as to the value of the repairs was doubtless not the best that could have been offered, but sufficient evidence was received on this subject, without objection being made to its reception or exception taken, to sustain the verdict of the jury.

Judgment affirmed, with costs. All concur.