## WOOD v. CONEY ISLAND & B. R. CO.

(Supreme Court, Appellate Division, Second Department. June 11, 1909.)

1. STREET RAILROADS (§ 114*)—INJURIES—ACTIONS—SUFFICIENCY OF EVIDENCE —NEGLIGENCE.

In an action against a street car company for injury to plaintiff's carriage by being struck by a car near a street crossing, evidence *held* to sustain a finding that the motorman was negligent in not having the car under proper control in approaching the crossing.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 245 246; Dec. Dig. § 114.*]

2. STREET RAILROADS (§ 112*)—INJURIES—ACTIONS—BURDEN OF PROOF.

In an action against a street car company for injury to plaintiff's carriage by being struck by a car while it was being driven by plaintiff's servant, the burden was on plaintiff to show that the driver was free from contributory negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 228; Dec. Dig. § 112.*]

3. STREET RAILROADS (§ 114*)—INJURIES—ACTIONS—WEIGHT OF EVIDENCE.

In an action against a street car company for injuries to plaintiff's carriage by being struck by a car when it was being driven by plaintiff's servant, plaintiff must prove that the driver was not negligent by a fair preponderance of the evidence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 250; Dec. Dig. § 114.*]

4. NEGLIGENCE (§ 93*)—MASTER'S LIABILITY—NEGLIGENCE OF SERVANT—IMPUTED NEGLIGENCE.

The rule that the negligence of the driver of a vehicle cannot be imputed to another does not apply where the relation of master and servant exists between plaintiff and the driver.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 147; Dec. Dig. § 93.*]

5. STREET RAILROADS (§ 99*)—INJURIES—CONTRIBUTORY NEGLIGENCE.

It was the duty of a driver of a vehicle, upon approaching a street upon which he knew vehicles and street cars were continually passing, to exercise care, to see whether any street cars, etc., were approaching, and to avoid collision with them.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 215; Dec. Dig. § 99.*]

6. STREET RAILROADS (§ 114*)—INJURIES—ACTIONS—SUFFICIENCY OF EVIDENCE —CONTRIBUTORY NEGLIGENCE.

In an action against a street car company for injuries to plaintiff's carriage by being struck by a street car while it was being driven by plaintiff's servant, preponderance of the evidence *held* not to negative contributory negligence by the driver in failing to look for the car in turning a street corner.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 250; Dec. Dig. § 114.*]

Gaynor and Woodward, JJ., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Rawson L. Wood against the Coney Island & Brooklyn Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Edward D. Kelly, for appellant.
Charles L. Burr, for respondent.

BURR, J. This action is brought to recover for injuries to the brougham of the plaintiff by reason of a collision between it and a car operated by the defendant. The collision occurred on the 4th day of March, 1908, at the corner of Nassau and Washington streets, in the borough of Brooklyn. Washington street runs nearly north and south. Nassau street intersects it about a right angle. In the center of Washington street there are two lines of track; the easterly track being used by cars going north toward the bridge entrance, and the westerly track by cars going south toward Fulton street. In addition there is a third track on the westerly side of the street, about two feet from the curb, which on the day in question was also being used by cars going north toward the bridge. The servant of plaintiff who was driving his carriage was going through Nassau street in an easterly direction and approached the west side of Washington street at a speed of about eight miles an hour. Just before the collision he was driving in about the center of Nassau street. As he reached the corner, without checking the speed at which he had been driving, he started to cross the westerly track, lying near to the curb, which would be the first one that he approached. His horses and the front part of the carriage passed over in safety; but the car, which was proceeding in a northerly direction, struck the rear part of the carriage, crowding it up against a pillar supporting the bridge structure over Nassau street, causing the injuries complained of.

The defendant introduced no testimony, but claimed in the court below, and now claims, that the plaintiff failed to establish its liability. Defendant's negligence, of which the plaintiff complains, is that the car was operated at a high and dangerous rate of speed and that no signal was given of its approach. The allegation of the complaint respecting speed was not sustained. The evidence of plaintiff's witnesses was to the effect that the car was proceeding more slowly than the carriage and not to exceed five miles an hour. There was uncontradicted evidence, however, that no bell was rung nor any signal given of the approach of the car, and there was also evidence, received without objection, that the motorman did not attempt to stop the car until it was eight or ten feet from the carriage. From this the court below might have found that he did not have his car under proper control, in view of the fact that he was approaching a street crossing. Harvey v. Nassau Electric R. R. Co., 35 App. Div. 307, 55 N. Y. Supp. 20. There was sufficient evidence, therefore, in our opinion, to sustain the finding of defendant's negligence.

But to entitle the plaintiff to recover in an action brought for damages for injury to his property it was incumbent upon him to establish by a fair preponderance of evidence that the driver of the carriage was free from negligence contributing to the injury. He was plaintiff's servant, acting within the scope of his employment. The rule that the neg-

ligence of the driver of a vehicle which contributed to the injury complained of cannot be imputed to a third person has no application when the relation of master and servant exists between them. Brickell v. N. Y. C. & H. R. R. Co., 120 N. Y. 290, 24 N. E. 449, 17 Am. St. Rep. 648; Robinson v. N. Y. C. & H. R. R. Co., 66 N. Y. 11, 23 Am. Rep. 1. Upon this branch of the case plaintiff failed. It was the duty of the driver as he approached this street, upon which he knew vehicles and cars were passing up and down, before attempting to cross over, to exercise some care to see whether such vehicles were approaching and avoid collision with them. Volosko v. Interurban Street Railway Co., 190 N. Y. 206, 82 N. E. 1090, 15 L. R. A. (N. S.) 1117. The testimony of the driver is to the effect that he did not slacken the speed of his horses as he approached the corner. He says that he was looking to his left toward the bridge, because he thought cars usually came up on the right-hand track. He states that he was not figuring on a car coming down on the left-hand side of the street; that he was not looking for cars on that "little track," which was close to the curb. This track had been in the same place in which it was at the date of the accident for a period of at least four years, and the driver of the carriage had frequently driven across it. The driver also testified that he did not see the car until it was about 2 feet away from him. An attempt was made to prove that if he had looked he could not have seen it, on account of a high board fence which was on the southwest corner of Washington and Nassau streets. It appeared, however, that the sidewalk on Washington street was 18 feet wide, and that on Nassau 14 or 15 feet wide, so that when he was more than 21 feet away from the track he could have seen the car if he had looked carefully. One of the witnesses called for the plaintiff testified that he was standing on the corner and saw the car at a distance of 70 feet up the street. It is not enough for a witness to say that he looked, if it is apparent that if he did look he did not look intelligently. Dolfini v. Erie R. R. Co., 178 N. Y. 1, 70 N. E. 68. It is quite clear that the driver did not look to the right, because he did not expect that a car would approach in that direction.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event.

JENKS and RICH, JJ., concur.

GAYNOR, J. (dissenting). The plaintiff's testimony is that he was coming into Washington street near the Brooklyn Bridge entrance on the left-hand side as you go to the bridge. The place was congested with cars and wagons, as it always is at that hour. As he came to the first car track he was looking down it, i. e., toward the bridge, to see if any car was coming up, for cars come up on the right-hand side as you come up, and go down on the other. It is said that he did not look up the said up track; but as cars did not run down on that side, but on the other, it could not be ruled as matter of law that he was guilty of contributory negligence in not looking. A car did come down on that track and struck the rear of his coach as he was clearing it. It seems by other evidence that the track on which he was hit was a third track which was used in what are called the rush hours of the day for

certain cars which did not cross the bridge to switch into and run down on for a certain stretch; but this fact is not conclusive against the plaintiff for he does not seem to have known it.

WOODWARD, J., concurs in the dissent.