JAMES LANDER, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY, Appellant.

MARGARET LANDER, an Infant, by JAMES LANDER, Her Guardian ad Litem, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY, Appellant.

Fourth Department, March 26, 1924.

Street railways — action for injuries suffered by child when she was struck by street car while she was crossing street — verdict that accident occurred at street crossing not against evidence — verdict in favor of plaintiff on question of negligence and contributory negligence not against evidence.

In an action to recover damages for injuries to a child, which she suffered when struck by a street car, the verdict of the jury that the accident occurred at a street crossing is not against the weight of the evidence, and likewise the verdict in favor of the plaintiff on the question of the negligence of the defendant and the freedom from contributory negligence on the part of the child is not against the weight of the evidence.

APPEAL in each of the above-entitled actions by the defendant, International Railway Company, from a judgment of the Supreme Court in favor of the respective plaintiffs, entered in the office of the clerk of the county of Erie on the 24th day of February, 1923, upon the verdict of a jury for $400 in the first action and $500 in the second action, and also from orders entered in said clerk's office on the 5th day of March, 1923, denying the defendant's motion in each action for a new trial made upon the minutes.

*Penney, Killeen & Nye* [*Olin T. Nye* of counsel], for the appellant.

*John J. Brown,* for the respondents.

CROUCH, J.:

Margaret Lander, nine years old, was, on January 10, 1922, struck and injured by one of defendant's street cars while crossing South Park avenue in the city of Buffalo. From judgments for plaintiffs in actions brought by the child and by her father and tried together, defendant has appealed. Reversal is strongly urged upon two grounds: *First,* because the verdicts are contrary to and against the weight of the evidence, and *second,* because the child was guilty of contributory negligence. After careful consideration we are unable to assent.

Whether or not the accident occurred at a street crossing was left to the jury to decide. We think such submission was justified and no objection was made thereto by defendant. It may be assumed, therefore, that the jury found the place of the accident to be at a street crossing. There was some uncertainty in the

evidence, but we cannot say that the finding was against the weight thereof.

On the question of defendant's negligence, the jury could have found on the evidence that the car approached this crossing at the rate of eighteen or twenty miles an hour, without warning signal and without a check until the moment of collision, although the child was in plain sight walking across the street. The credibility of the evidence as to speed is somewhat weakened by the evidence showing a prompt stop after the brakes were applied. The credibility of the witnesses who gave that evidence as to speed, however, is not seriously affected as to that point by the statements contained in their affidavits taken by defendant's claim agent immediately after the accident. That the child was walking — an important fact bearing both upon negligence and contributory negligence — must rest upon the testimony of the child herself and of the same two witnesses who testified to speed. The testimony of the child must be considered in the light of the inherent weakness of children's testimony. The other two witnesses in their affidavits had stated that the child had dashed out or run out from the curb in front of the car. That was a vital contradiction of their testimony on the point, unless the jury credited the more or less unsatisfactory explanation made by them. Whatever our own opinion as jurymen might have been, we cannot say in reviewing the facts on appeal that the testimony should have been disregarded, and thus, that the finding was against the weight of the evidence.

On the question of contributory negligence the testimony of the child (who says merely that she wanted to get across the street, although her home was in another direction) is that she went to the curb and looked up and down to see whether there were any cars coming. She saw the car coming far enough away so that in her judgment she could get across. On cross-examination she said " a long ways off," and explained that as meaning " far enough so that I could *run* across." She started walking across. She did not remember having looked after she got into the street, nor did she see the car when she was close to it. The two witnesses referred to above under the other point were in a truck running immediately behind the car. They testified in substance that the child looked for a second at the curb and then started to walk across; that the car was then about two car lengths or from ninety to one hundred feet away, and was running from eighteen to twenty miles an hour; that they heard no warning signals. One of them said rather uncertainly on cross-examination that when the child went on the track the car in his judgment was within a car length

of her. The same witness said that the child stopped half way across and looked and then started to walk. The distance from the curb to the center of the track where the accident occurred was about fifteen feet. The motorman was the defendant's only eye-witness. He says that when he was about twenty feet away the child darted out in front of his car; that he was running twelve or fourteen miles an hour; and that he immediately stopped the car, which from the time he first saw the child moved forty feet altogether.

Here, as before, the questions of weight and credibility were for the jury. Assuming, as we think we are required to, that the accident occurred on a street crossing, we may not say as matter of law that plaintiff was guilty of contributory negligence. ( *Knapp* v. *Barrett,* 216 N. Y. 226; *Wihnyk* v. *Second Avenue R. R. Co.,* 14 App. Div. 515; *Frank* v. *Metropolitan St. R. Co.,* 58 id. 100; affd., 171 N. Y. 666.)

The judgments and orders should be affirmed, with costs.

All concur.

In each case: Judgment and order affirmed, with costs.